Common Council of Oshkosh vs. State ex rel. Perkins and another.

59   425
95   207
d95  209

COMMON COUNCIL OF THE CITY OF OSHKOSH VS. THE STATE ex rel. PERKINS and another.

*January 12 — January 29, 1884.*

CERTIORARI to review revocation of liquor license. *(1) Estoppel to deny license. (2) Revocation without notice, void. (3) Function of writ. (4) Proceeding not affected by expiration of license. (5) When city liable for costs.*

1. Upon *certiorari* to review the action of a common council in revoking a license to sell liquors, the return to the writ, made by the city clerk, contained a copy of a license which had been granted by the council to the relators and showed that they had paid the license fee and given a bond, as required by law, which had been approved by the council, and further showed that the council had adopted a resolution expressly revoking such license. *Held,* that it will be presumed that a license had been lawfully granted, and that the city authorities are estopped from denying that fact.

2. Ch. 66, R. S., was a complete revision of the law upon the subject of revoking licenses to sell liquor. Under that act (secs. 1558, 1559), as amended by ch. 174, Laws of 1881, a revocation by a common council is void unless made after notice and an opportunity to be heard has been given to the licensee. And ch. 89, Laws of 1881, giving to the common council of Oshkosh a general power to grant and revoke licenses, did not affect the general rule in this respect.

3. The function of a writ of *certiorari* to review the action of a common council in revoking a license is to inquire whether such proceeding was according to law, and not whether the license had been so violated as to justify a revocation; and evidence of violation *dehors* the return is inadmissible.

4. The fact that such license expired about the time the proceedings were reviewed on the *certiorari* does not affect the right of the licensee to have the revocation set aside.

5. The common council in revoking a license represents the city, and where it has acted in good faith, though under a mistake as to its powers, the costs on a proceeding by *certiorari* to review its action, may be adjudged to be paid by the city.

ERROR to the County Court of *Winnebago* County.

The common council of Oshkosh granted to the relators a license to sell liquors, and on payment of the fee it was

issued; but before its expiration, the council revoked the license without notice or hearing, upon a charge of unlawful selling made by the chief of police. The relators sued out a writ of *certiorari* to the council from the county court, upon which judgment annulling the revocation was entered; and the council brought the case here by writ of error.

For the plaintiff in error there was a brief by *John W. Hume*, City Attorney, and oral argument by *Charles W. Felker*.

For the defendants in error there was a brief by *Crozier & Tyrrell*, and oral argument by *Mr. Crozier*.

COLE, C. J. The return to the writ of *certiorari* made by the city clerk, contains a copy of a license which had been granted by the common council to *A. Perkins & Bro.* to sell intoxicating liquors at retail to be drank on their premises — such license to expire on the second Tuesday of April, 1883. The return also shows that the sum of $75 was paid by them for the license, and that they gave a bond conditioned as required by law, which was approved by the common council. The return further shows that a resolution was adopted by the common council on the 14th of November, 1882, expressly revoking the license which had been granted to these parties the previous September. Now, it is said by the learned counsel for the city that it does not appear that any lawful license was ever issued by the common council, or that there had been a lawful revocation of the same. In respect to the first objection, we must presume from the return that a lawful license had been granted; indeed, the city authorities are estopped by their action in the matter from denying the fact. For it affirmatively appears that they granted a license, received the license fee, approved the requisite bond, and have attempted to revoke the license. In view of these incontestable facts, it comes

with ill grace from the city authorities to claim that there was some informality or failure to comply strictly with the provisions of the city charter in granting the license in the first instance. Certainly no inference can fairly be made from the matters stated in the return that such was the case. We must assume that the city officers did not place themselves in the inconsistent and absurd position of attempting to revoke a license which had not been lawfully granted. But they would occupy that ground unless they had granted a lawful license. Therefore, we consider it reasonable to hold from their action in the matter that a license was regularly issued to *Perkins & Bro.*

This being the case, the next inquiry is, Did the common council proceed according to law in revoking the license? The general statute applies to the case and regulates the mode of proceeding. See *Village of Platteville v. McKernan*, 54 Wis., 487; *Green Co. v. Village of Monroe*, 55 Wis., 175. There is no room for doubt but ch. 66, R. S. 1878, was intended to be, and in fact is, a complete revision of the law upon the subject of revoking licenses. That chapter, in effect, provides that when a complaint in writing, under oath, is filed with the clerk of any town, village, or city, that a person within such town or municipality, keeps a disorderly, indecent, or improper house, etc., the proper town or village board, or common council shall issue a summons, etc., commanding the person complained of to appear on a day named and show cause why his license should not be revoked. This summons is served, and the party complained of has an opportunity to appear and be heard before his license can be revoked. Secs. 1558, 1559, as amended by ch. 174, Laws of 1881. This is the clear reading of the statute. Now it appears from the return, that a communication was sent to the common council by the chief of police charging that *Perkins & Bro.* sold liquors to minors, and were violating the law in other respects, by keeping an inde-

cent and improper house. Thereupon a resolution was adopted by the common council, revoking the license in question. There is no claim or pretense that notice of the proceeding was given the licensees, or that they had any opportunity to appear and disprove the charge made against them. The action of the common council in revoking the license, without notice or hearing, was therefore without authority in law, and entirely void. Upon the language of the statute this position seems too plain for illustration or argument.

It is suggested on the brief of the counsel for the city that ch. 89, Laws of 1881, amending the charter, placed the matter of granting and revoking licenses entirely under the control of the common council. But we do not perceive that this enactment has the least bearing upon the point we are considering. It does not profess to give the common council power to revoke a license without notice or hearing, at their pleasure, nor can it have the effect to make any change in the general law upon the subject.

On the hearing of the *certiorari* in the county court the city offered evidence to show that *Perkins & Bro.* had violated their license in various ways. The evidence was objected to and was ruled out. It is manifest that this ruling was correct. The place to bring forward such proof was upon the hearing, which the law contemplates should be had before the common council when the question of revoking the license is determined. On that hearing the party complained of has an opportunity to meet such evidence and disprove it if he can. But, as we have said, the law gives him an opportunity to be heard before the common council has any authority to revoke his license upon any state of proof. It would be clearly irregular and improper to admit the proposed testimony on the hearing of the writ of *certiorari*. That writ was intended to review the proceedings of the common council to ascertain whether they had been ac-

cording to law. This is its scope and object. It does not give a new trial in the court reviewing the proceeding or perform the office of an appeal in any sense. And the defect in the jurisdiction of the common council could not be cured by offering evidence in the county court which might tend to show that the license could have been revoked possibly on a proper notice and hearing. Nor does the fact that the license expired about the time the proceedings of the common council were reviewed by the county court affect the parties' right to have those proceedings set aside because void in law.

The county court gave a judgment for costs against the city on reversing the proceedings of the common council. This, it is said, was error. But obviously the common council represented the city in the matter, and it would be unjust to make the members pay the costs out of their own pockets. They seem to have acted in good faith, but under a mistake as to the power the law gave them upon the subject of revoking the license. The case seems to come within the principle of *State ex rel. Mitchell v. Supervisors*, 58 Wis., 291.

It follows from these views that the judgment of the county court must be affirmed.

*By the Court.*— Judgment affirmed.