# APPENDIX.·

## Theo. Coffey, et al., Appellees, v. James D. Gamble, Judge, Appellant.

**Taxation of costs:** CERTIORARI PROCEEDINGS. The rules for the taxation of costs on error and appeal apply to certiorari proceedings.

**Same.** Ordinarily the costs on appeal will be taxed to the unsuccessful party, but this is largely discretionary with the court, and the rule will not be followed where injustice will result.

**Same.** Although the plaintiff in certiorari brought to review a contempt proceeding is held to have been illegally adjudged guilty of contempt for violating an injunction, yet if his act which it was sought to restrain was in fact wrongful he should be taxed with the costs of the certiorari proceding.

### Saturday, May 16, 1903.*

Motion to tax costs in certiorari case.

*Frank B. Wilson* and *J. G. Culver*, for Appellees.

*Hager & Haddock* and *H. J. Chapman*, for Appellant.

Ladd, J.— After the opinion in *Coffey v. Gamble, Judge*, 117 Iowa, 545, had been filed, the plaintiff therein moved that the costs be taxed to W. G. Burget, at whose instance the contempt proceedings against them were begun. To this the defendant objected and moved that the costs be taxed against Adair County. Notice was served on Burget but not on the County. Neither was a party to the pro-

---

* Publication of this case in its chronological order was overlooked.— Editor.

ceeding by certiorari, though Burget had filed the affidavit accusing the plaintiffs of contempt of court in disobeying the writ of injunction, employed counsel to prosecute them, and to defend in the above cause in this court. At least plaintiff's assertion to this effect is not put in issue.

Our statute provides generally that "costs shall be recovered by the successful against the losing party." Section 3853. This being so we need not revert to the rule prevailing at the common law further than to observe that the denial of costs was not peculiar to this proceeding. Costs *eo nomine* were not taxed in any action. If the complainant failed he was amerced *pro falso clamore*. If he succeeded the defendant was not held for costs. But while not allowed as costs in name, they were assessed as part of the damages — at first by the jury, but later by the court *ex gratia*. The early statutes received an exceedingly liberal construction, through which costs were taxed in actions apparently not contemplated. See *Allen v. Shurtz,* 17 N. J. Law, 188. In that case writs of *certiorari* were said to be in the nature of writs of error, and in analogy thereto, costs were assessed against plaintiffs as the proceeding questioned was approved. But in *Stiers v. Stiers' Executors,* 20 N. J. Law, 52, an order in probate was annuled and, pursuing the analogy, the plaintiff was not allowed costs, for if a writ of error be sustained it was thought to be unjust to subject the defendant, who was the successful party in the court below, to pay costs for the errors of that court. This is no longer regarded as a good reason for relieving the defeated party from the payment of costs, still it is held that a board or officer, not interested in the controversy, who merely acts in a judicial capacity will not be mulcted in costs, unless affirmatively shown to have acted in bad faith. *People v. Twp. Board of Springwell,* 12 Mich. 434; *School Directors v. School Directors,* 135 Ill. 464 (28 N. E. 49); *Oshkosh v. State,* 59 Wis. 425 (18 N. W. 324): *Tiedt v. Carstensen,* 64 Iowa, 131. In the last case it had been held that the board of super-

visors had exceeded its authority in establishing a highway and costs were first taxed against the board. A motion to retax was sustained and the costs assessed against the petitioners. The court in approving taxation against the real parties in interest said: "They bore the relation of plaintiffs to the proceeding to establish the road. They procured the erroneous order to be made, and should be responsible for the costs. It is said they are not parties to the record in the certiorari proceeding. It is true that, in all certiorari proceedings, the cause is nominally against the board, officer or judge, whom it is alleged has exceeded lawful jurisdiction. But it would be an unheard of proceeding to tax costs in such cases against the officer, where the excess of jurisdiction arises from a mere honest mistake of judgment. The costs in all such cases should be taxed against the party who is responsible for the illegal act by procuring it to be done." To the same effect, see *State v. Probate Court of Rock County,* 67 Minn. 51 (69 N. W. 908); *Oshkosh v. State, supra; Contra Kirby v. Circuit Court of McCook Co.,* 10 S. D. 196 (72 N. W. 461). Ordinarily then the costs are to be taxed against the person procuring the order adjudged illegal to be entered. If not a party to the action he may be brought in for this purpose by proper notice.

But defendant argues that the prosecution for contempt was criminal in nature and that the costs should be taxed against the county. See *Fisher v. Cass County Dist. Court,* 75 Iowa, 232; *Geyer v. Douglas,* 85 Iowa, 93; *State v. Stevettson,* 104 Iowa, 50. Jurisdiction to hear such cases is conferred by section 4468 of the Code, "No appeal lies from an order to punish for contempt, but the proceedings may, in proper cases, be taken to a higher court for revision by certiorari." The analogy between this proceeding and the hearing on error and appeal heretofore mentioned, is all but complete, and we may well apply the rules for the taxation of costs in the latter thereto. In the one the evidence, where the action of the court is founded on that of others, is filed

and preserved as a part of the record at the time of the judgment, section 4468 Code; in the other, by bill of exceptions. In each the record is reviewed. Why this is not permitted in a direct proceeding by appeal, instead of by certiorari proceedings, need not be considered. It is enough that the result is practically the same, and we think the same rules in the matter of taxation of costs applicable. Section 4142 of the Code directs the Supreme Court to " provide by rule for taxing as costs all printing authorized upon the trial of appeals "; and also " the costs of any translation of short hand notes." Rule 97 of this court reads: " All taxable costs shall abide the result of the appeal and be taxed to the unsuccessful party, unless otherwise ordered." The court, upon an affirmance of the order assailed, will ordinarily tax the costs to plaintiff; and upon reversal to the party who procured it to be entered. But this should not always be done, for it may appear, as in the instant case, that this would be inequitable. The matter is discretionary under the rule quoted. True, the plaintiffs were improperly convicted of contempt in the violation of the writ of injunction as was held in *Coffey v. Gamble, supra.* It is equally true that the writ of injunction had been improvidently dissolved, and that the plaintiffs were wrong-doers in committing the acts complained of in the contempt proceedings. *Burget v. Incorporated Town of Greenfield,* 117 Iowa, 545. Had not Burget interposed in some way to prevent the destruction of trees in front of his home by plaintiffs, the loss would have been irreparable. That he chose the wrong, though, as appears a very effective remedy, ought not in the circumstances disclosed to subject him to the payment of plaintiffs' costs. In any event, they were acting in violation of law and we are not inclined to relieve them of any of the costs incident to the adjustment of their legal rights in the certiorari proceeding. As to the liability of the county, we express no opinion, as it was not notified of the pendency of defendant's motion. It follows that the plaintiff's motion to tax the costs to Burget must be and is — *overruled.*