State ex rel. Ruemmele v. Haugen, 160 Wis. 494.

=========

STATE EX REL. RUEMMELE and others, Appellants, vs. HAUGEN and others, Respondents.

*March 25—April 13, 1915.*

*Jurisdiction:* Quasi-*judicial tribunals:* Certiorari: *Presumptions: Taxation: Assessment: County equalization: Review by tax commission: Procedure: Mandatory requirements: Statutes construed: "Commission:" Delegation of power.*

1. When the petition for a writ of *certiorari* challenges the validity of the decision of a *quasi*-judicial tribunal acting under a special grant of power, because of specific failure to observe jurisdictional requirements, and is answered by a return purporting to show just what was done in respect thereto, it cannot be presumed in support of the decision that something additional was done.

2. In reviewing, under secs. 1077a–1077l, Stats., a county board's determination of the relative value of taxable property in the assessment districts of the county, the tax commission acts as a *quasi*-judicial tribunal under a special grant of power, with specified procedure, and the mandatory requirements of the statute must be at least substantially followed as an essential to validity of the result.

3. Under sec. 1077f, Stats., the parties interested in such review are entitled to an opportunity to hear the evidence produced, to oppose it with evidence, to be heard by counsel upon the case as closed by the proofs, and to have the controversy determined upon such proofs.

4. The term "commission," as used in sec. 1077f, Stats., means the commission, not a single member of it, or its secretary, or any employee. At least a quorum of the commission must participate in the hearing and determination.

5. The authority granted to the commission by sec. 1087—40a, Stats., "to appoint one of its members, or its secretary or engineer, to act for it to investigate and make report upon any matter pending before it," etc., is limited to purely administrative duties, as distinguished from those of a judicial nature.

[6. Whether the mere failure of the members of the commission or a majority of such members to sign the final determination, as required by sec. 1077*j*, Stats., would be fatal to such determination, not decided.] ·

APPEAL from a judgment of the circuit court for St. Croix county: GEORGE THOMPSON, Circuit Judge. *Reversed.*

The county board of St. Croix county, Wisconsin, in due form of law, equalized the taxable property in the several taxing districts of said county for the year 1913, and, on such equalized assessment, made an apportionment of the state and county taxes to be levied on such property for such year among such taxing districts. In due time thereafter, the city of Hudson, one of such taxing districts, appealed to the state tax commission for a review of said county assessment and relative valuation of taxable property in such taxing districts; so far as it affected the city of Hudson. Such application was made under secs. 1077*a*–1077*l*, Stats. It was entertained and the proceedings carried on to a conclusion. In so doing the tax commission dealt with all the taxable property of the county and made an entirely new determination of the relative taxable value thereof, and filed the same in the office of the county clerk of St. Croix county as provided in sec. 1077*j* of the statutes. Thereafter a number of resident taxpayers of several of the taxing districts joined in commencing a *certiorari* action to test the validity of such determination. In due form, the writ was sued out and served. Such proceedings were, in due course, had that the proceedings were dismissed and judgment rendered accordingly. The grounds suggested for the dismissal were numerous, but on what ground, or grounds, the court acted does not appear.

For the appellants there was a brief by *N. O. Varnum, McNally & Doar,* and *Spencer Haven,* and oral argument by *Mr. Haven.*

For the respondents the cause was submitted on the brief of *C. A. Cross* and *E. W. Helms.*

MARSHALL, J.   Many jurisdictional features were claimed to characterize the attempt by the tax commission to exercise authority under secs. 1077a–1077l, Stats.   They were designed to provide a remedy for failure of a county board to make an equitable relative valuation of the taxable property in the taxing districts of its county.   None of the suggested infirmities were found below to exist.   Only the one covered by the following proposition need be considered here for reasons which will appear in the course of the discussion of it.

Did the appellate tribunal comply with the provisions of sec. 1077f which provides that:

"At the time fixed for such preliminary hearing, or at the time to which the same may be adjourned, the tax commission shall determine whether such appeal shall be entertained or dismissed.   For that purpose they shall consider such sworn statements as may be filed and such testimony and arguments as may be presented within such reasonable time as the commission may fix for such presentation.   If satisfied that no substantial injustice has been done in the county assessment appealed from, the commission in its discretion may dismiss such appeal.   If the appeal be not dismissed, the commission, at such preliminary hearing or. at the time to which it may be adjourned, shall make up the issues between the parties to such appeal and ascertain whether the review and redetermination sought by such appeal shall extend to all or to a part only of the towns, cities and villages in such county, whether to real estate or personal property or to all taxable property therein; and for that purpose the commission may require further statements in the nature of pleadings to be filed and may cause any statement filed, serving as a pleading, to be amended or made more definite and certain."

It will be seen that the statute contemplates a noticed time and place for a hearing on the question of whether a proposed appeal shall be entertained, at which the commission shall be present and hear the matter, affording the parties interested opportunity to present evidence for and against the proposition, to be represented by counsel, to be informed as to just

what the final outcome will be based on, to present arguments to the commission in respect thereto, and that upon the case so heard and submitted, the commission shall decide, and then formulate issues defining the scope of the review.

It is important, at the outset, to note that the statute, in mandatory language, requires the commission to make its determination at the hearing and then, or at some adjournment, to formulate issues. That, necessarily, implies, that the commission shall make up such issues in session so that the parties may have opportunity to be heard in respect thereto.

As to what was in fact done of the requirements mentioned in the quoted section, the record imports verity. *Smith v. Bahr,* 62 Wis. 244, 22 N. W. 438. As to courts of general jurisdiction all presumptions are in favor of regularity, but as to a mere tribunal exercising *quasi*-judicial authority under a special grant of power with specifically defined procedure, no presumption as to substantial compliance therewith can supplement the record, nor can it be aided by evidence *aliunde* the record. 1 Bailey, Jurisdiction, sec. 130 and cases cited.

True, a final order made, as appears on its face, with all essentials of regularity, is *prima facie* evidence that the preliminary requisites were complied with, and so the record is said to show the jurisdictional facts in the absence of some affirmative proof to the contrary. *Williams v. Mitchell,* 49 Wis. 284, 288, 5 N. W. 798; *State ex rel. Jenkins v. Harland,* 74 Wis. 11, 12, 41 N. W. 1060; *State ex rel. Gottschalk v. Miller,* 136 Wis. 344, 117 N. W. 809. That rule, quite out of harmony with the ancient doctrine, early became quite significant, based on a statute applicable to a particular class of cases.

Later it was extended by the court without support by reference to authority. *State ex rel. Manitowoc v. County Clerk,* 59 Wis. 15, 16 N. W. 617; *Common Council v. State ex rel.*

*Perkins,* 59 Wis. 425, 18 N. W. 324. But that liberal rule
and salutary doctrine does not support presumptive impeach-
ment of the record. That is to say, when the petition for a
writ of *certiorari* challenging the validity of a proceeding, as
in this case, upon specific failure to observe jurisdictional es-
sentials, is answered by a return purporting to show just what
was done in respect thereto, it cannot be presumed, in favor
of the respondent, that something additional was done. The
challenge, in such a case, calls for an affirmative showing of
jurisdiction and an answer exhibiting the facts, leaving no
room for a presumption that anything additional occurred.

Here it was claimed that, at the preliminary hearing only
one member of the commission appeared, that parties by
counsel entered appearances; that no proofs were presented
in respect to the controversy; that parties and counsel were
notified that a later time would be fixed, of which due notice
would be given, for presentment of proofs; that no adjourn-
ment was taken, no further hearing had, no issue made up,
and nothing further occurred to the notice of the parties in-
terested, in advance of the filing of a pretended formal de-
cision, signed by the secretary of the commission, as such,
which occurred some over three months after the real termi-
nation of the hearing, June 31, 1914.

The return to the writ confessed the aforesaid allegations
of the writ, as to only one member of the commission attend-
ing at the preliminary hearing, the appearance of parties, the
absence of any adjournment, the delay in making the deter-
mination, final occurrence thereof without notice to the par-
ties or opportunity to be heard upon the proofs to be consid-
ered, and a decision, based in part, upon proofs not presented
at the hearing or of which the parties had notice and oppor-
tunity to discuss the same before the tribunal.

Setting aside the determination by local authority of such
an important matter as was involved in this case, is no ordi-
nary affair. That is recognized by the statute. Hence, at

every step, it provides that the commission, acting in its *quasi*-judicial capacity and upon due notice and opportunity to be heard, shall decide. The statute was held constitutional only upon the theory that it provides for a *quasi*-judicial remedy for wrongdoing on the part of local officers. *State ex rel. Hessey v. Daniels,* 143 Wis. 649, 128 N. W. 565.

The tax commission, in the field in question, does not act under any general authority. It is made a *quasi*-judicial tribunal for the particular purpose, with specified procedure to be observed in order to afford a just treatment of the matter. Such tribunal is within the class placed by sec. 8, art. VII, of the constitution under the superintending control of the circuit courts. *State ex rel. Augusta v. Losby,* 115 Wis. 57, 90 N. W. 188; *State ex rel. Hessey v. Daniels,* 143 Wis. 649, 128 N. W. 565.

Such a tribunal being a mere legislative creation, it has no power except such as is particularly granted. There being no remedy provided for reviewing its acts, except upon jurisdictional grounds, the mandatory requirements of its creation and activity must be, at least, substantially followed as an essential to validity of the result. The interested parties have an absolute right to insist upon that. The principle of due process of law requires it.

Now were the mandatory calls of the statute for a commission hearing with opportunity for adversary parties to appear with counsel, present evidence, hear the evidence and discuss the same, and to have a decision thereon, followed? It seems they were not and that the commission misconceived its power and the importance of a controversy involving whether the result of exercise of the most important function of local self-government should be condemned as invalid, and a new one, made by an appellate tribunal, take its place.

Counsel for respondents rely upon the general authority conferred upon the tax commission by sec. 1087—37, to appoint a secretary to perform such duties as may be required

by it, to make needful rules, not inconsistent with law, for the orderly and methodical performance of its duties as a board of assessment, and for conducting hearings and other proceedings before it. We cannot perceive anything therein which warrants violation of the mandatory requirements of sec. 1077*f*.

Reliance is also placed on sec. 1087—40*a*, which is referable to ch. 506, Laws of 1911, and provides that "the commission may, in its discretion, appoint one of its members, or its secretary or engineer, to act for it to investigate and make report upon any matter pending before it, and such member, secretary or engineer, may hold hearings, administer oaths to witnesses, take testimony and perform all duties necessary to carry his commission into effect. He shall report any evidence submitted to him to the commission in such manner as it may prescribe." The very nature of the authority thus granted, repels the idea that it was intended to authorize the commission to delegate to one of its members, or its secretary or engineer, *quasi*-judicial duties under sec. 1077*f*. It would not be free from serious doubt as to whether authority to delegate such power could be given. The delegable authority, obviously, is confined to purely administrative duties as distinguished from those of a judicial nature. But let that be as it may, and given all the effect claimed for sec. 1087—40*a*, it does not militate against the necessity to observe the requirements of sec. 1077*f*, that the parties interested shall have opportunity to hear the evidence produced, to oppose it with evidence, to be heard by counsel, upon the case as closed by the proofs and to have the controversy determined upon such proofs; all of which was widely departed from. But we hold firmly to the view that the term "commission" as used in sec. 1077*f* means commission, not a single member of it, or its secretary or any employee,—not necessarily all the members of the commission, though in such an important matter as overturning the decision of a county board of assessment, it were better that all members of the tribunal

should sit at the hearing, but, at least, a quorum must participate so as to answer to the call for the statutory tribunal.

The idea that the particular remedy is to be administered by the commission, strictly so called, is strengthened by the requirement under sec. 1077*j* that the final determination shall be "signed by the members or a majority of the members of such commission." Whether, in case of an actual determination by the commission, or a majority thereof, the omission of such signing, as was the case here, would be a fatal defect, we do not decide; but we have no hesitancy in saying that the requirement clearly indicates that the commission, as a *quasi*-judicial tribunal, is required to act, and that by far the better way is to follow the mandatory words of the statute.

*By the Court.*—The judgment is reversed, and the cause remanded with directions to render judgment sustaining the claim of appellants upon the grounds indicated in this opinion, with costs.