STATE EX REL. BAKER and others, Appellants, vs. HAUGEN and others, Respondents.

*November 16—December 5, 1916.*

*Taxation: Assessment: County equalization: Review by tax commission: Jurisdiction: Certiorari: Hearing before commission: Adjournment: Orders: Making up issues: Evidence: Competency: Delay in determination: Directory statutes.*

1. On *certiorari* to review proceedings of the tax commission in making a redetermination of the values of taxable property in the several taxing districts of a county, following an appeal regularly brought from the assessment by the county board, a decision of the court that such proceedings were void for failure to comply with the statutes did not divest the commission of jurisdiction of the appeal; and the situation thereafter was as though the commission had never attempted to act thereon.

2. An order of the tax commission reciting that a preliminary hearing on such appeal was adjourned from the 10th to the 21st of September was sufficient, in the absence of anything in the record to the contrary, to show that the hearing was so adjourned, and the fact that the order was dated on September 21st, together with the recital therein, was sufficient to show that it was made at the hearing on that date.

3. Where such order provided "that the appeal . . . be and the same is hereby entertained and that a review and redetermination of the relative value of the taxable property of the several assessment districts of said county be granted . . . ; that such a review be made . . . and that the same extend to all towns, cities, and villages in said county and to all the taxable property

therein . . . ," there was a sufficient compliance with the requirements of sec. 1077f, Stats., that the commission shall, at the preliminary hearing or an adjournment thereof, determine whether the appeal should be entertained or dismissed, and shall make up the issues between the parties.

4. Under secs. 1077a to 1077l, Stats., the tax commission has very broad powers in respect to ascertaining the value of the different kinds of property in the taxing districts. Statistics of recorded sales of real estate and of the assessed valuation of lands included in such sales, collected and compiled pursuant to secs. 1007–1009, Stats., and all other information provided for by statutes respecting valuations of property, may be used by the commission in the performance of its duties; and expert knowledge acquired by it may be applied to the facts in evidence in reaching its determination.

5. Sec. 1077c, Stats. (requiring an appeal from the determination of the county board to be taken within four months); sec. 1077d (requiring the county clerk "without delay" to prepare and forward certain matter to the commission); and sec. 1077j (requiring the tax commission to make its final decision within four months from the making up of the issues upon preliminary hearing) are directory; and a failure of the commission to determine the matter speedily, especially where such delay is occasioned by legal proceedings, does not divest the commission of jurisdiction.

APPEAL from a judgment of the circuit court for St. Croix county: JAMES WICKHAM, Judge. *Affirmed.*

This is an appeal from a judgment in favor of the defendants dismissing the action. A writ of *certiorari* was issued out of the circuit court on the relation of the appellants, residents and taxpayers of several of the assessment districts of St. Croix county, against the tax commission of the state of Wisconsin and the county clerk of St. Croix county.

The purpose of the writ was to bring before the court for review the record of proceedings of the tax commission on reapportionment of the value of taxable property in the several taxing districts in said county. The respondents made return to the writ and a hearing was had. The court dismissed the writ with costs.

The appellants assign the following errors: First. That

the court erred in deciding that the tax commission had juris-diction to make the final determination as it did. Sec-ond. That the court erred in ordering the writ dismissed and in entering judgment dismissing it.

For the appellants there was a brief by *Spencer Haven, N. O. Varnum,* and *McNally & Doar,* and oral argument by *Mr. Haven, Mr. W. F. McNally,* and *Mr. Varnum.*

For the respondents there was a brief by the *Attorney General, E. E. Brossard,* assistant attorney general, and *Chas. A. Cross,* and oral argument by *Mr. Brossard.*

KERWIN, J.   The facts in the case appear from the return to the writ of *certiorari.*   An appeal was taken by the city of Hudson from the equalization made by the county board of St. Croix county for the year 1913.   Certain proceedings were had upon said appeal pursuant to an order and notice by *Nils P. Haugen,* chairman of the Wisconsin tax commission, sitting and acting alone, which proceedings resulted in an alleged decision made July 10, 1914, purporting to review said county assessment and relative valuation of taxable property in the taxing districts in said county. On April 13, 1915, the alleged decision of the tax commission of July 10, 1914, was set aside and held to be void by this court for reasons stated in the opinion.   *State ex rel. Ruemmele v. Haugen,* 160 Wis. 494, 152 N. W. 176.   After the above decision of this court and on the 21st day of July, 1915, the tax commission proceeded with the discharge of its duties on said appeal and made an order reciting that the city of Hudson had taken its appeal and that the tax commission had attempted to act on the appeal, but that the proceedings taken were void and that the appeal was still pending, as no valid determination of it had been made, and ordered that the preliminary hearing on appeal be had at the city of Hudson on August 20, 1915.   Notice of the hearing was given and proceedings had, resulting in the making of a final de-

cision November 23, 1915.    The writ of *certiorari* is to review this decision.

1. The main contention here is that the tax commission lost jurisdiction by its first proceedings as determined by this court (160 Wis. 494, 152 N. W. 176), and could not thereafter by any subsequent act acquire jurisdiction, hence all subsequent orders, decisions, and doings of the tax commission were void and of no effect.

Counsel refer to many cases in this and other courts to the effect that when a court loses jurisdiction of a case the jurisdiction cannot be restored by any action of the court, and that on *certiorari* reversal for want of jurisdiction ends the case.

We are of opinion that none of the authorities cited apply to the case before us.    In the instant case the tax commission never lost jurisdiction of the appeal.    The appeal was regularly brought before the commission, and remained there notwithstanding that certain acts were done and proceedings had beyond the jurisdiction of the tax commission by members of it.    In the former proceeding the tax commission never complied with sec. 1077*f*, Stats., therefore never got jurisdiction to further act upon the appeal, hence all proceedings were void.    160 Wis. 494, 152 N. W. 176.    But this did not divest the commission of jurisdiction of the appeal.    The void acts left the situation as though the commission had never attempted to act upon the appeal.    The tax commission was bound to proceed with the hearing on appeal in the manner provided by statute, and until it so proceeded the appeal was pending and its duty unperformed.

We are therefore convinced that the proceedings held void in 160 Wis. 494, 152 N. W. 176, did not divest the tax commission of jurisdiction of the appeal.

2. The next question presented is whether the commission proceeded regularly in the second proceeding after the appeal

and return of the record in *State ex rel. Ruemmele v. Haugen,* 160 Wis. 494, 152 N. W. 176.    The learned trial judge below in a written decision said:

"If the tax commission had a duty to perform in reference. to this appeal, it could not perform that duty simply by conducting a void proceeding and making a void decision.    The setting aside of that void decision could not constitute a performance of the duty with which the tax commission was charged nor defeat the right of appellant to have its appeal determined.    No such question was involved nor determined in the *certiorari* proceeding.    The judgment in that proceeding simply determined that the commission had not performed the duty imposed on it by statute.    The *certiorari* did not bring up or review any other question.    *People ex rel. Robinson v. Ferris,* 36 N. Y. 218.    I am satisfied that the decision of the tax commission sought to be set aside in this proceeding is valid and that the writ of *certiorari* should be dismissed upon the merits with costs."

A careful examination of the record convinces us that the trial judge was right in so holding.

But it is argued by counsel for appellants that the commission on the second hearing did not comply with sec. 1077*f,* in that it did not determine whether such appeal should be entertained or dismissed, and did not make up the issues between the parties to such appeal as provided by the statute. It is said the record does not show that the hearing was adjourned from September 10th to September 21st, the date of the order.    The point is not well made.    The order recites that the hearing was adjourned from the 10th to the 21st, and in the absence of anything in the record to contradict such recital is sufficient.    It is also said that there is nothing in the record to show that the order was made at the hearing on the 21st.    It bears date on the 21st, and this, together with the recital that the hearing was adjourned to that date, is sufficient.

It is also clear that the commission sufficiently made up the issues. The commission ordered

"That the appeal of the city of Hudson from the equalization made by the county board of St. Croix county for the year 1913 be and the same is hereby entertained and that a review and redetermination of the relative value of the taxable property of the several assessment districts of said county be granted as prayed for.

"That such a review be made by and under the direction of the Wisconsin tax commission as provided by secs. 1077e and 1077l of the statutes, and that the same extend to all towns, cities, and villages in said county and to all the taxable property therein and be completed within four months from the date hereof." . . .

True, the issues might have been defined with more particularity, but the order in that regard was sufficient compliance with the statute.

3. It is further contended that there was no competent evidence adduced at the preliminary hearing or any adjournment thereof sufficient to warrant the commission in finding that injustice had been done to any assessment district. This contention is untenable. The tax commission under the statute is vested with very broad powers in respect to ascertaining the value of the different kinds of property in the taxing districts. Secs. 1077a to 1077l, Stats.

The statutes also make it the duty of the tax commission to collect from time to time statistics of recorded sales of real estate in each county and of the assessed valuation of lands included in such sales. Secs. 1007, 1008. Sec. 1009 also provides for the compiling and preservation of statistics bearing on sales. All this information provided for by statutes respecting valuations of property may be used by the tax commission in the performance of its duties. In hearings by such bodies as tax commissions the same strict formalities which obtain in courts of law or equity are not required. There is much acquired expert knowledge which

the commission may apply to facts in evidence in reaching its determination. *Chicago & N. W. R. Co. v. Railroad Comm.* 156 Wis. 47, 145 N. W. 216, 974; *Foster v. Rowe,* 128 Wis. 326, 107 N. W. 635.

4. It is further insisted that the law requires a speedy determination of the matter by the tax commission, and the failure of the commission to do so rendered the redetermination of the apportionment void.

The question under this head is, Did the delay occasioned by the proceedings had, including the appeal to this court, divest the commission of jurisdiction? This turns on the provisions of the statutes, secs. 1077c, 1077d, and 1077j. True, the delay in this case was more than ordinary, but the turn which the case took seems to have necessitated the delay, at least in greater part. Sec. 1077c requires the appeal to be taken within four months. Sec. 1077d requires the county clerk "without delay" to prepare a certified copy, etc.; and sec. 1077j requires the tax commission to make its final decision within four months from the making up of the issues upon preliminary hearing. We are of opinion that these statutes must be regarded as directory. *State ex rel. Burnham v. Cornwall,* 97 Wis. 565, 73 N. W. 63; *State v. Zillmann,* 121 Wis. 472, 98 N. W. 543; *State ex rel. Johnson v. Nye,* 148 Wis. 659, 135 N. W. 126; *Application of Clark,* 135 Wis. 437, 115 N. W. 387; *State ex rel. Cothren v. Lean,* 9 Wis. 279.

It follows that the judgment of the court below is right and should be affirmed.

*By the Court.*—Judgment is affirmed.