J. W. RIGGS et al., Appellees, v. BOARD OF SUPERVISORS et al., Appellants.

COUNTIES: Board of Supervisors—Highway Petition—Tie Vote
1   —Effect. A *tie* vote by a board of supervisors on the question of granting or rejecting a petition for the vacation and relocation of a highway (jurisdiction being then complete), determines nothing, but leaves the question still pending, with unabated jurisdiction and *legal duty* to the parties interested to determine the same, and necessitates a statutory continuance for further consideration. It follows that a dismissal of the

entire proceeding *because of such vote*, and a consequent refusal *to determine the question, are illegal*, and open the door to certiorari.   (Section 413, Code, 1897.)

**CERTIORARI:**   Judicial Proceedings—Highway Petition—Refusal to Determine.   Certiorari will lie to review the act of a board of supervisors in *refusing* to pass upon a petition for the vacation and relocation of a highway, even though it be conceded that petitioners might, by petition, have instituted entirely new proceedings for the vacation and relocation.

**COSTS:**   Taxation—Losing Party.   He who leads a court or other public official body into illegal action must, on certiorari to correct the illegality, pay the costs necessitated by the writ. So held where those objecting to the vacation of a highway caused the board of supervisors to illegally refuse to pass upon the petition.

**EVIDENCE:**   Relevancy, Competency and Materiality—Nonconsent to Legal Action.   It is wholly immaterial that one did or did not consent to that which the law commands.   So held where objectors to the vacation of a highway sought to show that they did not consent to a continuance of the proceeding by the board of supervisors following a *tie* vote.   (See Section 413, Code, 1897.)

*Appeal from Van Buren District Court.*—SENECA CORNELL, Judge.

SATURDAY, SEPTEMBER 29, 1917.

ACTION in certiorari to test the legality of the action of the board of supervisors in dismissing a petition filed by the plaintiffs asking the re-establishment of a highway. The opinion states the facts.—*Affirmed.*

*Sloan & Sloan, F. W. Sargent* and *George E. Buckles,* for appellants.

*Walker & McBeth,* for appellees.

GAYNOR, C. J.—On the 21st day of Sep-
tember, 1914, plaintiffs filed with the county
auditor of Van Buren County a petition ask-
ing for a vacation of a certain highway and
a relocation at another point. A commis-
sioner was duly appointed by the auditor, as provided by
law, who reported in favor of the vacation of said highway
and a relocation of same, as asked in the petition. With-
in · the proper time, the defendant Ellis LeFever filed a
claim for damages. There was also filed, within the proper
time, a remonstrance against the relocation, signed by a
large number of citizens. All the necessary preliminary pro-
ceedings were had on said petition, and the matter came up
for hearing before the board of supervisors on the 16th day
of February, 1915. At that time there were only two mem-
bers of the board present, Boyer and Miller, the third mem-
ber being absent on account of . sickness. Neither party
made any objection to proceeding before the board as con-
stituted. The petitioners for the road and the parties re-
monstrating introduced their testimony, and arguments were
made by both parties, and the matter taken under consider-
ation by the board. On the 15th day of March, the two
members who heard said evidence disagreed in their judg-
ment, and caused the following record to be made:

"The board of supervisors of Van Buren County met
pursuant to adjournment. Members present, Boyer and
Miller. On motion, a ballot was taken on the road petition
of J. W. Riggs et al., to change near Selma, the result being
one for and one against."

At the June session, 1915, and on the 28th of that
month, the matter came on for further hearing before the
board, and the following proceedings were had and record
made, or caused to be made, by the board:

"Keosauqua, Iowa, June 28th, fourth day June session.
Board of supervisors of Van Buren County met pursuant to

1. COUNTIES:
board of
supervisors:
highway pe-
tition: tie
vote: effect.

adjournment. Members present, Kerr and Boyer. Meeting called to order by Kerr, chairman. On motion the board fixed July 1st for a rehearing of the Riggs road petition. The rehearing being by mutual agreement of both parties."

On July 1, 1915, the cause came on again for further hearing, and the defendant Ellis LeFever, and other objectors and remonstrators, filed the following motion to dismiss:

"Before the Board of Supervisors of Van Buren County, Iowa.

"In the Matter of the petition)
of J. W. Riggs et al. For va-)
cation & relocation of the)    Objections to Jurisdiction.
highway leading east from)
Selma.    )

"Now come the objectors in the above entitled matter and object to a reconsideration or any consideration of the petition for the re-establishment and vacation of a part of the road in the above entitled matter for the following reasons: On the 21st day of Sept., 1914, a petition signed by J. W. Riggs and others was filed in the office of the county auditor of Van Buren County, asking that the highway leading out of Selma, east, running by the Hinkle place, thence on to Douds, be vacated and to a point relatively opposite the first railway bridge out of Selma and re-establish from said point back to Selma along the track of the railroad, operated by the C. R. I. & P. Ry. Co. Upon this petition a commissioner was appointed, who reported in favor of the petition, and upon his report, the county auditor appointed appraisers to appraise and assess damages. The county auditor appears to have followed the provision of the statute by giving notice to adjacent property owners, including the C. R. I. & P. Ry. Co., and in all other respects appears to have complied with the law of procedure in the establishment or vacation of highway.

Upon notice having been given, the auditor, as provided by law, fixed the time and place of hearing of the petition to be on the 16th day of February, 1915. A remonstrance signed by numerous persons in the vicinity of the road in Village Township was filed in due time with the county auditor, as well as objections and claims in the matter of damages. Pursuant to the order of the county auditor, the board of supervisors of said county met in adjourned session at the court house in Keosauqua, for the purpose of hearing and determining the matter of the petition and the objections thereto. The petitioners appeared by Walker & McBeth, Attorneys, and the objectors, including Ellis Le-Fever and the C. R. I. & P. Ry. Co., by Sloan & Sloan, their attorneys. A hearing was had, evidence introduced on the part of both petitioners and objectors, and arguments heard by counsel for both parties. But two members of the board were present at such hearing, to wit, H. G. Boyer, who acted as chairman pro tem, and Geo. W. Miller, these two members being the only members of the board who at any time had any part in the hearing of the case or in any other proceedings whatever. On the 15th day of March, 1915, the minutes contain the following: 'The board of supervisors of Van Buren County met pursuant to adjournment. Members present, H. G. Boyer, acting chairman, and George W. Miller. On motion, a ballot was taken on the road petition of J. W. Riggs et al., to change near Selma, the result being 1 for, and 1 against.' That the action is a full and final determination and an adjudication of this particular petition, and the board now has no power or authority to reconsider its action and no further jurisdiction respecting the merits of this particular petition.

"Objectors to Petition, including C. R. I. & P. Ry. Co., by Sloan & Sloan, their attorneys.
"Filed July 1st, 1915."

This motion was sustained, and plaintiff's road petition

dismissed without any further hearing thereon before the board. Thereupon, the plaintiff filed a petition for a writ of certiorari, alleging that the action of the board of supervisors, in sustaining said motion and in dismissing the proceedings and in refusing to hear said petition and matters, was and is erroneous, illegal, and without authority of law, and is grievous and detrimental to these petitioners, and deprives them of the right to be heard on this petition, and, further, that they have no plain, speedy, and adequate remedy at law. Over the objections of defendants, a writ of certiorari issued, and the cause was taken to the district court. Upon a hearing in the district court, judgment was entered for the petitioners, setting aside and annulling the action of the board in dismissing the petition, the court holding that the action of the board in so doing was illegal and erroneous. The cause was thereupon remanded to the board of supervisors, with direction to set the same for hearing at some future date, and to hear and determine the cause upon its merits; further directing that, if the parties could not agree on a date for hearing, the board should fix a date and cause ten days' notice to be served on the parties; further ordering the costs made on the hearing in the district court taxed against Ellis LeFever and the Chicago, Rock Island & Pacific Railway Company. Judgment was entered against them therefor. These defendants appeal.

The defendants assign error in the action of the court, in that the court erred in holding that the action of the board of supervisors, on July 1, 1915, in dismissing plaintiff's petition and refusing further to hear and determine the question of the relocation of the highway, was illegal and void. It is apparent from this record that all preliminary steps were had necessary to bring before the board for its determination the question presented in plaintiff's petition. The board had jurisdiction both of the subject

matter and of the parties, and on February 16th, the matter was squarely before it for determination. But two members of the board were present. Without objection, the parties proceeded to submit the cause to the board, with but two members present. The board consisted of three members. It required an affirmative vote of a majority of the members to express the board's attitude on the question involved, one way or the other. After the submission, the matter was taken under advisement. On the 15th day of March, a vote was taken, with the result that one vote was cast for and one against the relocation and establishment of the highway. There was, therefore, no finding of the board as such upon the controverted question. At the June session following, the matter came on again for further consideration by the board. Thereupon, the board, by affirmative vote of a majority of the members, fixed July 1st for a rehearing of the petition. On this date, the parties again appeared. The petition was thereupon dismissed by the board, on motion of the defendants, upon the theory that the action of the two members on the 15th day of March was the action of the board and was final, and, as defendants say, a full and final determination and an adjudication by the board of all rights of plaintiff under the petition, and the board had, therefore, no further power or jurisdiction over the matter.

The members of the board acted for the board, which, in contemplation of law, is a legal entity. It requires affirmative action on the part of a majority of the members to bind the board. In the instant case, two members constituted a majority of the board for the transaction of business. When two members are present, and there are only three in all, it requires affirmative or negative action in which both join, to bind the board or to make their action the action of the board. This is true of all matters which come before the board for its determination. There must

be, necessarily, a majority of the members for or against a proposition before it is either affirmed or rejected. Section 413 of the Code of 1897 reads:

"A majority of the board of supervisors shall constitute a quorum to transact business, but should a division take place on any question when only two members of the board are in attendance, the question shall be continued until there is a full board."

On the 16th day of February, on the 15th day of March, and at the June session, the board was represented by a majority of its members. There was, therefore, a quorum for the transaction of business. Though two members constituted a quorum for the transaction of business, yet the business to be transacted by the board could only be made effectual by an affirmative vote of a majority of the board. Where two members are present, no affirmative action is binding upon the board unless the two members concur and join in the same act. Whether they concur in their conclusions as to what should be done in a particular matter necessitates, of course, a submission of the matter to them for their determination. If they concur, two being present, their action binds the board and binds the parties. But if they do not concur, two being present, their action does not bind the board nor represent the action of the board, nor does it bind the parties. When, two being present, a division takes place on any question, the question upon which the division arises must be continued until such time as the board shall direct, because the statute so says. This is what the board did, acting by a majority of its members. The question of the relocation of the highway came before the board on the 16th day of February. But two members were present. Two members heard the evidence. There was a division between these members,—one for it and one against. The vote of neither can be taken as binding upon the board, because neither member constituted a majority

of the board. Therefore, under the statute, it became the duty of the board to continue the question until there was a full board. They continued it until the first day of July. Both parties were then present, but there was not a full board. There were still but two members present,—one member who was present at the first hearing and one member who was not. These two members, however, who were present, constituted a quorum for the transaction of business. It could not be determined at that time without a hearing whether or not there was a division in the members as the board was then constituted, upon the ultimate question to be submitted and determined.

If the parties were not content to have the cause heard before the board with only these two members sitting, the cause should have been continued until there was a full board; that is, until the three members were present. There was no authority in the board to dismiss the plaintiff's claim because there was not a full board. There was a quorum for the transaction of business. The matter could have been rightly continued until a full membership of the board was present. There had been no determination of plaintiff's rights by the board up to this point. In no sense could the action of the two members hereinbefore referred to, had upon a hearing at the February session, be a final adjudication of the plaintiff's right to have the road re-established. There was simply a division of judgment between the two, which necessitated a continuation of the case to some future time. The matter was still before the board for determination. The board still had jurisdiction of the subject matter and of the parties. The duty still rested on the board to hear and determine, by an affirmative vote of a majority of the board, whether plaintiff was entitled to have his claim recognized or rejected. At the February meeting, the board had jurisdiction. A majority of the members of the board was present. Therefore, the board had

jurisdiction of the subject matter and of the parties, and, a majority of its members being present, was in a position to hear and determine the question submitted. It is not the contention of the plaintiff that the board did not have jurisdiction to decide at the February meeting. It could have decided it one way or the other, if the two members had agreed. There would then have been a majority of the members of the board in favor of the proposition. Though having jurisdiction to decide, they did not decide, because of the disagreement. The matter was, therefore, not decided one way or the other by the members present at that time. It was to meet a condition like this that Section 413, above set out, was enacted. The board did just what the statute directs the board to do, in continuing the cause for further hearing. On the 1st of July, on the request of either party, the cause might have been further continued without the board's losing jurisdiction. This, however, was not a necessary action on the part of the board, for, inasmuch as there were two members present at the July meeting, one of whom did not sit at the former hearing and had expressed no opinion upon the merits of the controversy, the cause might have been heard by these two. If they agreed, there would be no occasion for further continuance. If they disagreed, then, of course, the same condition would exist as existed before, and the cause would then have to be continued for hearing before the full board.

We are satisfied that the board acted erroneously in dismissing the petition without further hearing, and exceeded its jurisdiction in refusing to determine the controversy one way or the other upon its merits.

2. CERTIORARI: judicial proceedings: highway petition: refusal to determine.

It is next contended that, conceding that the board acted erroneously, yet certiorari is not the proper remedy for reviewing its action. It is claimed that the plaintiff had a plain, speedy, and adequate remedy at law.

The remedy suggested is that the plaintiff might have started all over again. This would be neither plain, speedy, nor adequate. It cannot be contended that plaintiff should have appealed from the action of the board, because there is no provision made for appeals in actions of this kind. Sections 1513 and 1514 of the Code of 1897 provide for appeals only from assessment of damages. *Myers v. Simms,* 4 Iowa 500; *McCrory v. Griswold,* 7 Iowa 248. Unless certiorari can be maintained, the plaintiff is remediless. Section 4154 of the same Code provides that a writ of certiorari may be granted when authorized by law, and in all cases where an inferior tribunal, board, or officer exercising judicial functions is alleged to have exceeded his proper jurisdiction, or is otherwise acting illegally, and there is no other plain, speedy and adequate remedy. We think certiorari is available to the plaintiff in this case, under the provisions of the statute. *Jewett v. Ayres,* 167 Iowa 431; *State v. Webber,* (Minn.) 37 N. W. 949; *State ex rel. Heller v. Lawler,* (Wis.) 79 N. W. 777; *Chicago, B. & Q. R. Co. v. Castle,* 155 Iowa 124; *Iowa Loan & Trust Co. v. District Court,* 149 Iowa 66, 70; *Bremer County v. Walstead,* 130 Iowa 164, 169; *Home Savings & Trust Co. v. Polk District Court,* 121 Iowa 1.

3. COSTS: taxation: losing party.

It is next contended that the court erred in taxing the costs to appellants. It will be noted that it was on motion of these defendants and at their instance and request that the road petition was dismissed. It was at their instigation that the illegal action was taken by the board, which necessitated the suing out of the writ for its correction. Our statute provides that the costs shall be taxed in favor of the successful, and against the losing, party. They should, therefore, be taxed against the party who procured the illegal action to be done. *Tiedt v. Carstensen,* 64 Iowa 131; *Coffey v. Gamble,* 134 Iowa 754, 756; *Hickman v. Hunter,* 159 Iowa 201, 205.

It is next contended that the court erred

**4. EVIDENCE:** relevancy, competency and materiality: nonconsent to legal action.

in denying to the defendants the right to show by evidence that they did not consent to the continuance of the cause and the setting of it for retrial on July 1st. Any agreement on the part of the defendant would neither add to nor take from the board the right to do that which the statute directed should be done in case of a division upon any question when only two members of the board are in attendance. It is apparent, therefore, that no prejudicial error was committed by the court in refusing testimony tending to show that defendants did not consent to the continuance of the cause and the setting of it for rehearing on July 1st.

Upon the whole record, we think there is no error of which defendants may complain, and the cause is—*Affirmed.*

LADD, EVANS and SALINGER, JJ., concur.