STATE EX REL. MAYER and others, Respondents, vs. SCHUF- FENHAUER and others, Appellants.

*October 11—November 7, 1933.*

For the appellants there was a brief by *Max Raskin,* city attorney, and *William F. Quick,* first assistant city attorney, and oral argument by *Mr. Quick.*

For the respondents there was a brief by *Otjen & Otjen* of Milwaukee, and oral argument by *C. J. Otjen.*

FAIRCHILD, J.   Each of the relators accepted the office to which he was appointed, and, having fully qualified, entered upon the official duties for the term of two years.   This term had not expired when a single commissioner, with the consent of his associates, ordered the removals.   The statutes, sec. 10.04, control this case.   Under that section we find that none of these officials is to be removed from his position during his term except when he "shall, in the judgment of the board of election commissioners, be found not to possess the qualifications prescribed . . . or if any inspector or

ballot clerk in the judgment of said board of election commissioners shall be guilty of neglecting the duties . . . then . . . shall be summarily removed from office by said board."

The power given the board of election commissioners is there plainly set forth. It does not extend beyond that fixed by legislative enactment in the act of its creation. The duties imposed and the manner of their performance being particularly pronounced in the law they must be followed or the acts of the board cannot be valid. *State ex rel. Ruemmele v. Haugen,* 160 Wis. 494, 152 N. W. 176. It is as important here as it was in the *Haugen Case,* where the acts of the Tax Commission were under consideration, to note that the statute in mandatory language requires the board to make the determination, to form a judgment. The judgment in this matter must be upon whether or not the individuals filling the positions of inspectors and clerks possess the qualifications necessary, or have been guilty of neglecting the duties of the office. When that judgment has been formed and if it is to the effect that an inspector does not possess the qualifications, or has been guilty of neglect of duty, then he "shall be summarily removed from office by said board."

The requirement in the statute that "if any person holding the position . . . shall in the judgment of the board . . . be found," clearly implies that there must be some investigation of the facts and a review thereof by the members of the board. No authority exists under which the board may appoint one of the commissioners to act for it, and certainly it is contrary to the express language of the statute from which the board derives its power to delegate one of their number to discharge and appoint inspectors and ballot clerks as he may see fit. When, "in the judgment of the said board of election commissioners," an inspector or clerk does not possess the qualifications or shall be guilty of neglect of

duty, it, the board, shall summarily remove him from office. This provision repels the idea of any grant of power to the board to proceed in the manner followed in the case before us. The term "board" as used in this statute means the board of election commissioners, not a single member thereof. This board must form a judgment. Where authority to do an act of public nature is given by law to more persons than one, or a majority of them, if the act is one which requires the exercise of discretion and judgment, unless the law provides for some exception, the members of the board to whom the authority is given must meet and confer when the act is performed. 2 McQuillin, Mun. Corp. § 595.

We need not consider at this time the procedure to be followed leading up to the judgment, for it is established by the proof before us that no judgment was formed on any of the matters deemed by the legislature of great enough consequence to be the subject of legislative consideration and to require the judgment of the board of commissioners. Because of this failure the board itself in legal contemplation has never acted. There has been no valid proceeding out of which could come an effective order of discharge.

Dividing the work between the individual commissioners may have been planned as an effort in the interest of efficiency,—certainly no one questions the motive of the gentlemen who were the commissioners, but the practice followed is contrary to the provisions of the law requiring the board to act. The terms used in this statute by fair implication and by express wording confer upon the board of election commissioners the power and the duty to discharge an inspector when the necessary judgment as to qualifications or neglect of duty has been formed, but no permission is granted by the statute that warrants arbitrary dismissal of persons who are placed in these positions under the rather

intricate and carefully worked out scheme devised by the legislature. *State ex rel. Ballard v. Goodland,* 159 Wis. 393, 150 N. W. 488; *Ex parte Rogers,* 7 Cowen (N. Y.) 526; *Moore v. Ewig and Bowen,* 1 N. J. L. (Coxe) 147; *State ex rel. Ruemmele v. Haugen, supra; McNolty v. Board of School Directors,* 102 Wis. 261, 78 N. W. 439; *Harris v. Joint School Dist.* 202 Wis. 519, 233 N. W. 97.

*By the Court.*—Judgment affirmed.