

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann
~~JOOBSXXBBOXXSHOCSX~~PERD
ATTORNEY GENERAL.

AUSTIN 11, TEXAS

Hon. John E. Taylor
Chief Supervisor
Railroad Commission of Texas
Austin, Texas .

Dear Sir:

Opinion No. O-1943 .
Re: Power of Railroad Commission to
delegate to another the authority
to sign one of its orders.

We have for acknowledgment your letter of February 8, 1940, withdrawing the request for an opinion addressed to this office by your letter of February 6, 1940, and substituting in lieu thereof the following request:

"On the 20th day of December, 1939, the Railroad Commission of Texas duly signed and entered its 'SPECIAL ORDER FIXING THE ALLOWABLE PRODUCTION OF CRUDE OIL IN THE VARIOUS FIELDS AND DISTRICTS IN TEXAS,' which became effective January 1, 1940, and in general allocated the oil production in the State of Texas for the various fields and Districts in Texas as hereinabove set out. On the 24th day of January, 1940, the Railroad Commission duly signed and entered its 'SPECIAL ORDER FIXING THE ALLOWABLE PRODUCTION OF CRUDE OIL IN THE VARIOUS FIELDS AND DISTRICTS IN TEXAS,' which became effective February 1, 1940, and in general allocated the oil production in the State of Texas for the various fields and Districts in Texas as hereinabove set out.

"The last mentioned Order has been in effect since the first day of February, 1940, and is still in force and effect.

"First. In the event the Railroad Commission of Texas desires to rescind its order of January 24, 1940, fixing the allowable production in the various fields of Texas for the month of February, 1940, can same be legally done by an order of the Commission signed by some person authorized by members of the Commission to affix their signatures thereto.

"Second. Should it be held by your Department that the authority of the Commission can be legally delegated by the individual members of the Commission to some other person to sign the order hereinabove referred to, then please advise whether or not as a basis for the delegation of such power it will be necessary for the Commission to hold a formal hearing and vote such authority by a majority thereof.

"Third. Should it be held by your Department that the Commission has the power to delegate the authority hereinabove referred to, then please advise whether or not such authority may be conferred by the Commission by a majority vote of the Commission at a called meeting if such action is taken by the Commission beyond the territorial limits of the State of Texas.

"Fourth. Should it be held by your Department that as general proposition the Railroad Commission can delegate the authority hereinabove referred to, then please advise whether or not the Commission could so act if sitting at a place other that the City of Austin within the State of Texas."

The Railroad Commission is a public board or commission authorized by the Constitution (Article 16, Section 30), and created by statute (Arts. 6444-6447, R.S. 1925). Its members are clearly State officers to whom are confided not only authority of an executive nature, but also authority of a quasi-judicial, quasi-legislature character, involving the exercise of judgment and discretion, which authority is to be exercised and performed for and on behalf of the State of Texas.

The rule is quite generally recognized that public officers may not, in the absence of express authority, delegate to another the performance of an act involving the exercise of judgment and discretion; but may delegate, in the absence of express prohibition, the performance of acts which are purely mechanical or ministerial in character. 46 C. J. 1033.

The adoption and recission of proration rules and orders by the Railroad Commission involve, in the highest degree, the exercise of judgment and discretion, for such orders, when lawfully adopted and promulgated by the Commission, have the force and effect of law, prescribing rules of conduct which concern, not only the persons directly affected by the rule or order, but the welfare of the State at large. The power, therefore, to determine whether a proration order shall be rescinded cannot be delegated, but must be exercised by the Commission as such.

Furthermore, it is not contemplated that the members of the Commission shall act in respect to matters involving the exercise of judgment and discretion as individuals, but as a board. When action by the board on a matter involving the exercise of judgment and discretion is to be had, it is contemplated that a meeting of its members shall be had, at which meeting at least a quorum shall be present, in order that the question to be determined may be freely discussed and full opportunity afforded for a free exchange of ideas among the members, that the decision finally reached by the Commission will reflect the considered judgment and opinion of the Commission as such, and not the several and independently formed views of the individual members composing the commission.

Where a duty or power involving the exercise of judgment or discretion is entrusted to a board or commission composed of different individuals, such board can act officially in respect to the discharge of that duty only as such, in convened session, with the members or a quorum thereof present. State ex rel Baria v. Alexander, 130 Sou. 754, 158 Miss. 557; State ex rel Mayer v. Schuffenhauer, 250 N. W. 767, 213 Wis. 29; State v. Kelly (New Mex.) 202 Pac. 524, 21 A.L.R. 156; McClellan, Municpal Corporations, Sec. 595; 22 R.C.L. 456; 46 C.J. 1034; 34 Tex. Jur. 457, and Texas cases cited; Mecham, Public Officers, p. 375.

Moreover, the board is not at liberty to hold such a meeting for the determination of a question involving the exercise of judgment and discretion at any place of its choosing. On the contrary, Article 6447, R.S. 1925, provides that "the commission may hold its session at any place within this state when deemed necessary." By clear implication, the statutory provision denies to the commission the authority to hold its meetings or sessions at a place outside of the territorial limits of this State. When the law confers upon a person powers that he, as a natural person, does not possess, that power cannot accompany his person beyond the boundaries of the sovereignty which has conferred the power, and although the Legislature may require or authorize certain official acts to be done beyond the State's limits, such acts are done by express authority or permission, and the power to perform them outside the territorial jurisdiction of the State is not to be implied. Jackson v. Humphrey, 1 Johns (N. Y.) 498; McCullough v. Scott, 182 N.C. 865, 109 S.W. 789; Mecham, Public Officers, p. 332; 46 C. J. p. 1032.

It thus appears that (1) the Commission itself, as such, must determine the question whether a proration order shall be rescinded (2) at a meeting of its members, (3) which meeting must be held within the territorial limits of the State of Texas, (4) at which a quorum of the Commissioners are present, and (5) that the exercise of this power can not be delegated, but must be exercised by the Commission as such.

When the decision of the Commission with respect to the adoption or recission of a proration order has been lawfully made by it, the signing of the order itself by the individual Commissioners becomes a mere mechanical or ministerial act, which may be delegated by the Commissioners. See our opinion No. O-1507, attached hereto.

The selection of the person or persons to exercise this power of signing orders for and at the instance and request of the individual commissioners would seem to involve the reposing of special confidence and trust in the person selected, and to that extent the determination of the question involving the exercise of judgment and discretion in the selection of such person or persons; but it is a judgment or discretion to be exercised by the individual commissioners in selecting the persons who shall be authorized to affix their respective signatures, and therefore not an act to be performed by the board as such. Hence no meeting of the board for this purpose is required. And, since the authority to delegate to another the mechanical or ministerial function of signing his name is a power or privilege possessed by the commissioner as a natural person, that authority may be exercised by the commissioner at a time when he is beyond the territorial limits of the state.

We trust that the foregoing sufficiently answers the questions presented by you.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By
s/ R. W. Fairchild

R. W. Fairchild
Assistant

RWF:pbp:egw

APPROVED FEB 9, 1940

s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

This Opinion Considered
and Approved in Limited
Conference