## Commonwealth, et al. v. Big Sandy Company.

## Same v. Rush.

## Same v. Chesapeake Mineral Company.

## Same v. Pond Creek Coal Company.

## Same v. Consolidation Coal Company.

## Same v. Long Fork Coal Company.

## Same v. Abner Coal Company.

## Same v. Northern Coal & Coke Company.

## Same v. Kentland Coal Company.

(Decided October 21, 1913).

Appeals from Pike Circuit Court.

Taxation—Assessment—Board of Supervisors—Quarterly Court—Appeal by State or County.—No appeal lies in favor of the State or county from the action of the Board of Supervisors or of the quarterly court in placing valuation on property for the purpose of assessment.

E. J. PICKLESIMER, J. S. CLINE, JAMES GARNETT, Attorney General, and M. M. LOGAN, Assistant Attorney General for appellants.

AUXIER, HARMAN & FRANCIS, J. M. YORK, HAGER & STEWART, YORK & JOHNSON, J. J. MOORE and WORTHINGTON, COCHRAN & BROWNING for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Dismissing appeals.

These appeals involve the same questions and will be considered in one opinion.

Appellees owned land and other property in Pike County, which they duly listed with the assessor for the year 1913. Subsequently the board of supervisors of

Pike County, at its 1913 session, raised their assessments. From the action of the board they prosecuted appeals to the quarterly court, which, after hearing evidence, reduced the assessments made by the board of supervisors, and placed certain valuations, for the purposes of assessment, on the respective properties owned by them, which valuations it directed to be certified to the sheriff of Pike County and the Auditor of Public Accounts. From the action of the quarterly court in reducing the assessments and placing certain valuations on the respective properties involved, the State and county prosecuted an appeal in each case to the Pike Circuit Court. That court dismissed the appeals on the ground that no appeal lay from the action of the quarterly court on behalf of the State or county. The several appeals now before us have been prosecuted from the judgments of the circuit court for the purpose of reviewing the propriety of that court's action. A motion has been made to dismiss these appeals.

The statute under which appellees appealed from the action of the quarterly court is section 4128, Kentucky Statutes, which provides as follows:

"Any informality or irregularity in the execution of their duties as supervisors, and any failure of duty on their part, shall not render any assessment invalid. But any taxpayer feeling himself aggrieved by the action of said board of supervisors, may appeal to the quarterly court within thirty days after the final adjournment of said board, by filing with the judge of said court a certified copy, under the hand of the clerk of said board, of the action of said board. And as to further appeals, he shall have the same rights as are now allowed by law in civil cases."

It will be observed that this section confines the right of appeal from the action of the board of supervisors to the quarterly court, thence to the circuit court and to the Court of appeals to the aggrieved taxpayer alone. There is not only nothing in the section to justify the reasonable inference that the same right was intended to be conferred on the county and State, but section 4260, relating to property omitted from assessment, expressly provides that "either party may appeal from a decision of the county court to the circuit court, and then to the Court of Appeals, as in other civil cases," thus showing that where the Legislature intended the right of

appeal to lie from the action of the assessing officers, it conferred that right in plain and unmistakable terms. Furthermore, this court held in the case of Marion County v. Wilson, 105 Ky., 302, a case arising prior to the enactment of section 4128, that a taxpayer had no right of appeal to the circuit court from the judgment of the county court, which under the statute then in force was authorized to review assessments. The effect of this opinion was to hold that none of the general provisions of the code or statute relating to appeals gave the right of appeal in matters of assessment and taxation. As the right of appeal to the circuit court did not then exist in favor of a taxpayer by virtue of any general statutory or code provisions with reference to appeals, it follows that that right did not then, and does not now, exist in favor of the county or State by virtue of such provisions.

The argument that it is unjust and unfair to give the right of appeal to a taxpayer, and withhold it from the county and State is one that should be addressed to the legislative department. It is well settled that it is within the power of the Legislature, in the absence of some constitutional inhibition, to prescribe the cases in which and the courts to which parties shall be entitled to bring a cause for review. In this State the matter is wholly within the discretion of the legislative department. It may grant or withhold the right of appeal as it sees fit, and the fact that it granted the right of appeal to an aggrieved taxpayer, and withheld it from the county and State, in no way affects the validity of the act. Paducah Railway Co. v. McCracken Co., 105 Ky., 472, 49 S. W., 178. Doubtless the Legislature felt that the interests of the State and county would be protected by its assessing officers. But whatever may have been its purpose in withholding the right of appeal from the State and county, its right to do so cannot be questioned.

Since neither the statute in question nor the general statutory and code provisions with reference to appeals confer the right of appeal on the State and county from the judgment of the quarterly court in cases like those under consideration, it follows that neither the circuit court nor this court has jurisdiction to entertain the appeals. For this reason the appeals are dismissed.