FRUEHAUF TRAILER COMPANY *v.* CITY OF DETROIT.

1. TAXATION—STATUTORY PROCEDURE FOR ASSESSMENT.
   Procedure by which taxes may be validly assessed is strictly statutory.

2. SAME—PROCEDURE FOR REVIEW BY STATE TAX COMMISSION—NOTICE—WAIVER OF PROTEST.
   Where general property tax law provides that in case of complaint as to an ad valorem assessment of personal property the State tax commission shall (1) issue an order directing the assessor to appear at a stated time and place with his assessment roll and sworn statements of the taxpayer, (2) publish such order and, where practicable, give personal notice by mail to the person whose assessment is to be considered, and (3) hold a hearing at the time and place designated at which all persons affected by review of said assessments may appear and be heard, a notice to a taxpayer that it must advise the commission as to taxpayer's position in the matter and failure on latter's part to file a written protest with the commission within 10 days of the mailing of such notice, requesting an investigation by, and a hearing before, the commission would be regarded as waiver of protest, was not authorized and a taxpayer may not be thus deprived of its statutory right to a hearing before the commission (CL 1948, §§ 211.150, 211.152).

3. SAME—STATE TAX COMMISSION—NOTICE—STATUTES—PREJUDICE.
   Where notice, served by State tax commission on taxpayer which had paid an additional tax under protest, was not authorized by statute, neither the taxpayer nor the assessing body was benefited or prejudiced by the service of such a notice (CL 1948, §§ 211.150, 211.152).

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 5]  51 Am Jur, Taxation, § 651.
[6]  51 Am Jur, Taxation, § 780.
[8]  30 Am Jur, Judgments, § 180.

4. SAME—STATE TAX COMMISSION—NOTICES—INVESTIGATION—RE-
VIEW OF ASSESSMENT ROLLS.

The State tax commission is not deprived of its authority to
review assessment rolls by the giving of an unauthorized
notice nor by a failure to give notice that an investigation of
the assessment of personal property of a taxpayer had already
been made by it (CL 1948, §§ 211.150, 211.152).

5. SAME—STATE TAX COMMISSION—INCREASE OF AN ASSESSMENT—
STATUTES.

While the State tax commission has authority to review and in-
crease a taxpayer's assessment on personal property, it is
requisite to a valid increased reassessment of plaintiff's per-
sonal property that the commission comply with the applicable
statutory procedure (CL 1948, §§ 211.150, 211.152).

6. SAME—STATE TAX COMMISSION—HEARING—NOTICE—REASSESS-
MENT OF PERSONAL PROPERTY.

A taxpayer which does not appear before the State tax commis-
sion is not bound by the commission's reassessment of personal
property unless the taxpayer has a valid notice of the hearings
held by the commission (CL 1948, §§ 211.150, 211.152).

7. SAME—STATE TAX COMMISSION—NOTICE OF HEARING ON REVIEW
OF PERSONAL PROPERTY ASSESSMENTS.

Where published notice of hearing by State tax commission did
not specifically mention plaintiff, taxpayer of personal prop-
erty, or describe its property and notice of hearing mailed to
plaintiff added that since a written protest had not been filed
with, nor investigation requested of, the commission by plaintiff,
no hearing as to reassessment of its property was being sched-
uled for the hearings on review to which the notice of hearing
pertained, neither the published notice nor attempted personal
notice complied with the statute, hence was not binding on
plaintiff who was not present or represented at the hearing and
the commission's reassessment of plaintiff's property was, there-
fore, ineffective.

8. JUDGMENT—RES JUDICATA—IDENTITY OF ISSUE.

Decision of Supreme Court in former case between same parties
was not *res judicata* of instant case where issue now before
Court was not involved in former case as it relates to action
taken subsequently to decision in former case.

9. NEW TRIAL—SUBSEQUENTLY CREATED FACTS.

Where, after adverse decision of circuit court in taxpayer's action
to recover personal property tax paid under protest, the State

tax commission claims to have held a duly ordered and noticed hearing on review of taxpayer's assessment, its motion for a new trial and to amend its answer based on such subsequent action were properly denied as defendant may not create a new set of facts and obtain a reconsideration thereon of case already prosecuted to final judgment.

Appeal from Wayne; Brennan (Vincent M.), J. Submitted June 22, 1949. (Docket No. 68, Calendar No. 44,475.) Decided September 8, 1949.

Assumpsit by Fruehauf Trailer Company, a Michigan corporation, against City of Detroit to recover taxes paid under protest. Judgment for plaintiff. Defendant appeals. Affirmed.

*Fildew & De Gree* (*Fred G. Dewey* and *Howard H. Campbell,* of counsel), for plaintiff.

*Raymond J. Kelly,* Corporation Counsel, and *John H. Witherspoon,* Assistant Corporation Counsel, for defendant.

North, J. Plaintiff brought this suit against the city of Detroit to recover personal property tax paid by plaintiff under protest. The suit was tried by the court without a jury. Plaintiff had judgment and defendant appealed.

Plaintiff filed with the board of assessors of the city of Detroit its sworn statement purporting to disclose all of its personal property subject to taxation; the amount disclosed being $4,679,020. Following the assessment of this property at the above valuation an audit, made at the instigation of the Detroit board of assessors of plaintiff's books and records, disclosed plaintiff possessed taxable personal property claimed to be of the value of $8,548,-250. In consequence the Detroit board of assessors and an individual taxpayer filed complaints, ac-

companied by a photostatic copy of the audit, with the Michigan State tax commission seeking review and reassessment of plaintiff's taxable personal property. As the result of the subsequent proceedings before the tax commission, the validity of which is challenged herein by plaintiff, its personal property was reassessed at a valuation of $8,548,250.* The increase, resulting in plaintiff's personal tax amounting to $110,601.94, was paid by plaintiff under protest; and, as above noted plaintiff had in the instant case judgment for recovery of the same with interest thereon in the circuit court.

Decision herein turns upon whether the proceedings before the State tax commission in reassessing plaintiff's property were conducted as required by statute. The pertinent portion of the general property tax law of this State reads:

"Sec. 150. It shall be the duty of said board (now State tax commission. See CL 1948, § 209.103 [Stat Ann § 7.633]):

"1. To have and exercise general supervision over the supervisors and other assessing officers of this State, and to take such measures as will secure the enforcement of the provisions of this act, to the end that all the properties of this State liable to assessment for taxation shall be placed upon the assessment rolls and assessed at their actual cash value;
\* \* \*

"3. To receive all complaints as to property liable to taxation that has not been assessed or that has been fraudulently or improperly assessed, and to investigate the same, and to take such proceedings as will correct the irregularity complained of, if any is found to exist." CL 1948, § 211.150 (Stat Ann § 7.208).

---

* Further details of the factual background of this litigation appear in our opinion in a suit between these same parties reported in 321 Mich 11.

The statutory authority and the procedural method for reviewing assessment rolls and for reassessing property for taxes in a lawful amount is conferred upon the board of State tax commissioners as follows:

"Sec. 152.   After the various assessment rolls required to be made under this act or under the provisions of any municipal charter shall have been passed upon by the several boards of review, and prior to the making and delivery of the tax rolls to the proper officer for collection of taxes, the said several assessment rolls shall be subject to inspection by said board of State tax commissioners or by any member or duly authorized representative thereof and in case it shall appear to said board after such investigation, or be made to appear to said board by written complaint of any taxpayer, that property subject to taxation has been omitted from or improperly described upon said roll or individual assessments have not been made in compliance with law, the said board may issue an order directing the assessor whose assessments are to be reviewed to appear with his assessment roll and the sworn statements of the person or persons whose property or whose assessments are to be considered at a time and place to be stated in said order.   *   *   *   A copy of said order shall be published in at least 1 newspaper published in said county, if there be any, at least 5 days before the time at which said assessor is required to appear; and where practicable, personal notice by mail shall be given prior to said hearing to all persons whose assessments are to be considered.   *   *   *   The said board or any member thereof, as the case may be, shall then and there hear and determine as to the proper assessment of all property and persons mentioned in said notice, and all persons affected or liable to be affected by review of said assessments thus provided for may appear and be heard at said hearing.   In case said board, or member thereof, who shall act in said review, shall determine that the assessments so reviewed are not assessed accord-

ing to law, he or they shall, in a column provided for that purpose, place opposite said property the true and lawful assessment of the same. As to the property not upon the assessment roll, the said board, or member thereof acting in said review, shall place the same upon said assessment roll by proper description and shall place thereafter, in the proper column, the true cash value of the same." CL 1948, § 211.152 (Stat Ann § 7.210).

Two days after the complaints in the instant case were filed with the State tax commission and on June 18, 1947, the commission by a registered mail letter served on plaintiff a notice that the commission had received and accepted for investigation the above-mentioned complaints, whereby there was sought "an adjustment of the 1947 personal property assessment of your company in the city of Detroit from the present figure of $4,679,020 to $8,548,250." The remaining material portion of this notice, designated in the record as exhibit A, reads:

"Please give this official notice your immediate and careful consideration and advise this commission as to your position in this matter. FAILURE ON YOUR PART TO FILE A WRITTEN PROTEST WITH THIS COMMISSION WITHIN 10 DAYS OF THE MAILING OF THIS NOTICE, REQUESTING AN INVESTIGATION BY AND A HEARING BEFORE THIS BODY, WILL BE REGARDED AS WAIVER OF PROTEST."

Plaintiff did not reply to or comply with the above notice; and the issue is presented as to what bearing, if any, receipt of exhibit A by plaintiff had upon the validity of the reassessment of plaintiff's personal property. Procedure by which taxes may be validly assessed is strictly statutory. *J. B. Simpson, Inc.,* v. *O'Hara,* 277 Mich 55; *Acorn Iron Works, Inc.,* v. *State Board of Tax Administration,* 295 Mich 143 (139 ALR 368). We do not find in the statute any authority for the State tax commission serving

upon the taxpayer a notice of the character of exhibit A. Instead the above quoted statute specifically provides the procedure which so far as material here is in substance as follows: (1) The issuance of an order directing the assessor to appear at a stated time and place with his assessment roll and the sworn statements of the person or persons whose property or whose assessments are to be considered; (2) Publication of such order and "where practicable, personal notice by mail" to the person whose assessment is to be considered; and (3) Hearing at the time and place designated at which "all persons affected * * * by review of said assessments thus provided for may appear and be heard." Exhibit A served upon plaintiff in no way complied with these statutory requirements as to time and place of hearing. Instead exhibit A purports to advise the plaintiff taxpayer that unless it advises "this commission as to your (its) position in this matter" its failure to do so will be construed as a waiver of protest and of its statutory right to a hearing before the commission. There is no provision in the statute for depriving the taxpayer in this manner of a hearing before the State tax commission, for which hearing the statute expressly provides. Our conclusion is that neither of the parties to this suit is benefited or prejudiced by the service of exhibit A.

In our opinion in the former case between these parties we said:

"Neither the phraseology of the notice (exhibit A) nor the failure to give notice that an 'investigation' had already been made by the State tax commission can operate to deprive the State tax commission of its statutory authority to review the assessment rolls. The notice sent to plaintiff by the State tax commission on June 18th was not required by the statute as a condition precedent to action by the

commission under section 152 hereinbefore quoted in part."

In the instant case, as in the former, we hold that the State tax commission had jurisdiction "to review and increase" the 1947 assessment of plaintiff's personal property; but it was requisite to a valid increased reassessment of plaintiff's personal property that the commission comply with the applicable statutory procedure. After service of exhibit A further proceedings before the State tax commission were held in abeyance until after our decision was rendered in April, 1948, in the former case. Subsequently to our decision in that case and under date of May 1, 1948, the tax commission published a notice of the time and place that it would hold hearings of the character here involved. Insofar as material to the present case, this notice was as follows:

"Whereas, complaints were made to the commissioners of the State tax commission that personal properties liable to taxation located in the city of Detroit, owned by the Continental Baking Company, Kaiser-Frazer Corporation, Minnesota Mining and Manufacturing Company, Montgomery Ward and Company *and others,* had been improperly assessed or not assessed in compliance with law;    *   *   *

"Therefore ordered, that in accordance with the provisions of section 152 of the general property tax laws, as amended, said assessment rolls containing the assessed valuation of the personal property in the city of Detroit shall be subject to review, and the assessors of said city be and are hereby required to appear in room 1700, Michigan Detroit Office Building, on Tuesday, May 11, 1948, and Wednesday, May 12, 1948, and that the taxpayers mentioned above, or their representatives, enter appearance at that time; and it is

"Further ordered, that the commissioners of said State tax commission, or any commissioner thereof,

shall hear and determine as to the proper assessment of any personal properties of the above named taxpayers that was liable to ad valorem taxation on the 1947 personal property assessment rolls of said city, and will take such action as will correct any irregularities that may be found to exist in the assessment of said properties on the said 1947 assessment rolls."

It will be observed that the commission's notice of hearing did not contain any description or identification of plaintiff's property nor did it contain any reference to plaintiff by name, unless it can be said that plaintiff was included in the words "and others" following those specifically named. The commission also by letter dated April 30, 1948, mailed notice to plaintiff of the hearings to be held on May 11th and 12th, but it concluded its letter as follows:

"As you filed no written protest with this commission requesting an investigation by and a hearing before this body as required by our official notice of June 18, 1947, no hearing is being scheduled thereon during the hearings on review, when final valuations are determined on all appeals involved."

Following the commission's hearings held pursuant to the foregoing notice plaintiff's taxable personal property was placed on the 1947 assessment roll at a valuation of $8,548,250. In the trial court in the instant case and on this appeal plaintiff asserts that it was not given a valid notice (to which it was entitled) of the hearing before the commission since, as bearing upon the purport of the quotation just above noted, its property was not identified in the published notice nor was plaintiff named therein; and further that plaintiff was not bound by the determination of the commission since in the letter mailed to plaintiff, in the words last above quoted, plaintiff was notified that "no hearing is being scheduled" as to reassessment of its taxable per-

sonal property "during the hearings on review" to which the notice of hearing pertained.

Plaintiff did not appear at the May, 1948, hearings before the tax commission; and obviously it could not be bound by the commission's reassessment unless plaintiff had valid notice of the hearings to be held by the commission. We are of the opinion that by the publication plaintiff was not given notice required by the statute (CL 1948, § 211.152 [Stat Ann § 7.210]), wherein it is provided "the said board may issue an order" for a hearing, and "a copy of said order shall be published" as to the time and place of hearing, and further:

"The said board or any member thereof, as the case may be, shall then and there hear and determine as to the proper assessment of all property and persons mentioned in said notice, and all persons affected or liable to be affected by review of said assessments thus provided for may appear and be heard at said hearing."

The statute in the same section also provides, "and where practicable, personal notice by mail shall be given prior to said hearing to all persons whose assessments are to be considered." Obviously because of this statutory requirement, the commission did give plaintiff notice by mail of the time and place of the May, 1948, hearings, but, as quoted above, plaintiff in such personal notice was definitely notified "no hearing is being scheduled thereon (*i.e.*, on review of plaintiff's assessment) during the hearings on review." In consequence neither the published notice nor the attempted personal notice was binding on plaintiff, who was not present or represented at the May, 1948, hearings. The personal notice to plaintiff that "no hearing is being scheduled" for review of the assessment of its personal property rendered the claimed notice a nullity.

Plaintiff did not receive the requisite statutory notice, and in the absence thereof the commission's attempt to reassess plaintiff's personal property did not comply with the statutory requirement as to notice and was wholly ineffective.

Defendant contends that decision in the former case between these parties is *res judicata* of the instant case. Defendant states: "This litigation involves the validity of the action of the State tax commission," and reference is made to the statutory provision (CL 1948, § 211.152 [Stat Ann § 7.210]) that: "The action of said board or member *done as provided in this act* shall be final." The italicized words must not be overlooked. The action of the tax commission is subject to judicial review if, as in the instant case, such action is not "done as provided in this act." The issue in the instant case is whether or not in a procedural sense the action taken by the commission subsequently to decision in the former case complied with statutory requirements. That issue was not involved in the former case. Defendant's contention as to *res judicata* is not tenable.

The remaining question on this appeal pertains to matters which arose subsequently to entry of judgment in the circuit court on November 18, 1948. On December 8th following, defendant filed a motion for a new trial and a motion to amend its answer. In each motion defendant set forth the subsequent matters in consequence of which it sought to amend the answer and a new trial. We quote from the motion to amend defendant's answer:

"1. That on December 6, 1948, the Michigan State tax commission, in full compliance with the general State tax law, at a hearing properly ordered, published and noticed, made a final determination of the proper assessed value of plaintiff's personal property for the year 1947. * * *

"2. That the tax now due and payable and owing by plaintiff upon said assessment is in the sum of $110,601.94.

"3. That judgment should be rendered in this litigation for this defendant for the amount demanded by way of recoupment."

After judgment adverse to defendant it sought to create a new condition or set of facts which by its motions it attempted to have considered incident to reconsideration and final adjudication of a suit already prosecuted to final judgment. We know of no authority which holds that as a matter of right defendant was entitled to the relief it sought in these motions; and denial of them by the circuit judge is not a ground for relief in this Court. The ruling of the circuit judge was in accord with the law as recognized in *Schwier* v. *Atlas Assurance Co.,* 227 Mich 104, wherein a headnote reads: "A litigant may not sue first and obtain his right of action afterwards."

The judgment entered in the circuit court is affirmed, with costs to appellee.

SHARPE, C. J., and BUSHNELL, BOYLES, REID, DETHMERS, and CARR, JJ., concurred.

BUTZEL, J., did not sit.