CITY OF DETROIT *v.* FRUEHAUF TRAILER COMPANY.

1. JUDGMENT—RES JUDICATA—STATE TAX COMMISSION—SUPREME COURT.

Decision of Supreme Court that the State tax commission had jurisdiction to determine value of defendant's personal property and a later decision of the Supreme Court that proceedings theretofore had by the commission were a nullity were not *res judicata* of issue involved in review of yet later action which had been taken by the commission after claimed compliance with pertinent statute.

2. TAXATION—STATE TAX COMMISSION—TAXPAYER'S SUIT—JURISDICTION.

State tax commission's action in treating its former assessment of tax upon defendant's personalty as a nullity and proceeding to make a valid assessment by taking action pursuant to pertinent statute was not in derogation of jurisdiction of circuit court which then had before it the city's motion to amend its pleading in defendant taxpayer's action to recover the tax which had been paid under protest.

3. SAME—STATE TAX COMMISSION—JURISDICTION.

The State tax commission is bound to proceed with the hearing of a matter on appeal in the manner provided by statute and until it does so the appeal is pending and its duty unperformed; void action of the commission not divesting it of jurisdiction to act in the premises.

REFERENCES FOR POINTS IN HEADNOTES

[1] 51 Am Jur, Taxation § 757.
[2] 51 Am Jur, Taxation § 758.
[3] 51 Am Jur, Taxation § 749.

4. Appeal and Error—Questions Reviewable—Merits—Jurisdiction.

It would not be proper for Supreme Court to discuss merits of case yet to be tried, where instant controversy relates to jurisdiction of State tax commission to make assessment on basis of which city claims right to recover judgment.

Appeal from Wayne; Weideman (Carl M.), J. Submitted January 13, 1954. (Docket No. 51, Calendar No. 46,043.) Decided April 5, 1954.

Action by City of Detroit, a municipal corporation, and Charles N. Williams, city treasurer, against Fruehauf Trailer Company, a corporation, for sums levied as personal taxes. Case dismissed. Plaintiffs appeal. Reversed and remanded.

*Paul T. Dwyer,* Corporation Counsel, *Bert R. Sogge* and *Lawrence E. Eaton,* Assistants Corporation Counsel, for plaintiffs.

*Fildew, De Gree & Fleming (Howard H. Campbell,* of counsel), for defendant.

Carr, J.   This case involves the right of the city of Detroit to recover certain taxes from defendant under an assessment made by the State tax commission. The facts are not in dispute. They are fully set forth in the record in the instant case and in the records in the prior cases, hereinafter cited, between the parties. In 1947 the board of assessors of plaintiff city increased the valuation of defendant's personal property to $4,679,020. Defendant paid the tax bill rendered in the sum of $133,749.79. Thereafter, as it is claimed, said board conducted an investigation and came to the conclusion that defendant's personal property had been undervalued due to the fact that some items had been omitted. Thereupon the board petitioned the State

tax commission to review the assessment. At the same time a taxpayer of the city, who was a member of the board, made a like request.

Notice was served by the commission on the Fruehauf Trailer Company that it had received a complaint from the board of assessors, and had accepted the same for investigation. Thereafter Fruehauf brought suit in the circuit court of Wayne county, asking that the State tax commission be enjoined from taking any action toward increasing the assessment, and that it be declared to be without jurisdiction to conduct the requested review. Thereupon defendants in said suit moved to dismiss the bill of complaint, asserting that the State tax commission had acquired jurisdiction in the premises. The trial court granted the motion and Fruehauf appealed to this Court. The order of dismissal was sustained in *Fruehauf Trailer Co.* v. *City of Detroit,* 321 Mich 11, this Court finding that under statutory provisions governing its powers and procedure the commission had jurisdiction of the matter and, in consequence, had authority to proceed. The facts involved and the issues argued are set forth in detail in the opinion filed, and it is unnecessary to make further reference to them at this time.

Following the decision of this Court the State tax commission served notice on the Fruehauf Trailer Company that hearings on review of 1947 personal property assessments would be held on May 11 and 12, 1948. Said notice was given by letter dated April 30, 1948, which concluded with the statement that inasmuch as the taxpayer had filed no written protest with the commission, as required by prior notice served on June 18, 1947, "no hearing is being scheduled thereon during the hearings on review." The Fruehauf Trailer Company did not appear at the scheduled hearings on May 11 and 12, 1948, and the commission proceeded to assess its personal

property at the sum of $8,548,250, which resulted
in an increase of Fruehauf's personal-property tax
for the year 1947 in the sum of $110,601.94. Said
amount was paid under protest, and thereafter Frue-
hauf commenced suit in the circuit court of Wayne
county against the city of Detroit to recover the
amount so paid. The circuit judge before whom
the matter was heard came to the conclusion that
the State tax commission had not proceeded in ob-
servance of the requirements of the statute defining
its powers and duties and that, in consequence, the
assessment was a nullity. Judgment was entered
accordingly on November 18, 1948. It may be noted
in passing that the trial court in its opinion rejected
the claim advanced by counsel for the city that this
Court in its prior decision, reported 321 Mich 11,
had considered and passed on the question at issue.

Following the entry of the judgment in the circuit
court in favor of Fruehauf, the State tax commission
isued an order referring to the fact that its prior
action following the hearings on the 11th and 12th
of May, 1948, had been held void because of failure
to comply with the statutory procedure, and directing
that a public hearing be held at a designated place
in the city of Detroit on the 6th of December, 1948,
at 9:30 a.m., for the purpose of reviewing the assess-
ments of personal property of the Fruehauf Trailer
Company and another. It is claimed that notice of
the hearing so ordered was duly and properly given.
However, the Fruehauf Trailer Company refused
to take any part in the proceeding on December 6th,
and the commission proceeded to review the assess-
ment in accordance with the order and notice. The
result was an increase in Fruehauf's personal prop-
erty tax for 1947 in the same amount as had been
fixed by the prior assessment which the circuit court
of Wayne county had held to be a nullity.

On the 8th of December, 1948, the city of Detroit filed a motion for a new trial and also a motion to amend its answer, calling attention to the action of the State tax commission on December 6th preceding. These motions were denied, and thereupon the city of Detroit appealed to this Court. The decision is reported as *Fruehauf Trailer Company* v. *City of Detroit,* 325 Mich 407. For the reasons set forth at length in the opinion, the judgment of the circuit court was affirmed. Subsequently said judgment was paid, and thereafter the city of Detroit, herein referred to as the plaintiff, brought the present action against the Fruehauf Trailer Company to recover on the basis of the assessment made by the State tax commission on December 6, 1948. A motion to dismiss was made by defendant. The principal grounds asserted in support of the motion were that the holding of this Court in 325 Mich 407 determined the issues involved and was, in consequence, *res judicata,* and that at the time the action by the State tax commission was taken, on which plaintiff's action was based, the circuit court of Wayne county had exclusive jurisdiction of the controversy. The motion was granted on the second ground stated, the circuit judge hearing the matter concluding that the commission had no right to proceed as long as the action to recover the tax paid under protest, instituted against the city by Fruehauf, had not been finally and definitely terminated. The claim of defendant that the issues had been adjudicated in the prior case was not decided. From the order entered plaintiff has appealed, claiming that the trial court was in error in granting the motion and in refusing to permit a trial of the cause on the merits.

On behalf of appellant emphasis is placed on the holding of this Court, in 321 Mich 11, that the State tax commission had acquired jurisdiction to review

the assessment of Freuhauf's personal property for the year 1947. It is urged that such jurisdiction was not lost because of the fact that the notice with reference to the hearings to be held on May 11 and 12, 1948, was fatally defective and did not give to the taxpayer the protection contemplated by the statute relating to the proceeding. Defendant contends that the trial court was correct in holding that sole and exclusive jurisdiction was vested in the court with reference to the matters in dispute between plaintiff and defendant and that, in consequence, the commission acted without authority in the proceeding culminating in the assessment of December 6, 1948.

Defendant's claim that the prior decisions of this Court, above cited, are *res judicata* of the matters involved in the instant case is not tenable. The question in the first case related to the right of the commission to assume jurisdiction, and in the second case the matter determined was the validity of the procedure of the commission leading up to the hearings of May 11 and 12, 1948, which the circuit court and this Court held to be a nullity. The instant case concerns the action of the commission taken in December, 1948, obviously a matter not referred to in the prior litigation and which the trial court specifically held could not be brought in by the motion for a new trial, supplemented by the motion to amend the answer. This Court, on appeal, expressly approved such conclusion. It may not be said that the issue presented here has been previously determined, either by the circuit court or by this Court.

Was the State tax commission deprived of authority to act with reference to the assessment in question, following the judgment rendered by the circuit court on November 18, 1948? The commission was not a party to the litigation. The action

to recover taxes was brought against the city of Detroit. It involved the validity of the procedure that had been observed by the State tax commission in making the assessment on which the tax paid under protest was based. Apparently when the commission learned of the judgment of the circuit court of Wayne county, and presumably of the reasons underlying its rendition, it acquiesced in the conclusion that its prior action was a nullity and that the taxpayer was entitled to be repaid the amount of the tax. So far as this record discloses, the notice of the hearing of December 6, 1948, was in proper form and was properly served. The city of Detroit might have taken the same position as did the commission, have paid the judgment in advance of the hearing, and have then proceeded on the basis of the new assessment. The city did not follow such course but sought a new trial and then invoked the jurisdiction of this Court on appeal, with the result that the judgment of the trial court was upheld. May it be said that because of the action of the city the proceeding by the State tax commission became and was a nullity? We think not. Had the city withdrawn its appeal at any time before final determination thereof, and paid the judgment against it, it might then have proceeded against the taxpayer on the basis of the last assessment. The fact that it persisted in urging its appeal does not alter the situation. The State tax commission had jurisdiction of the proceeding and retained it for the purpose of making a final determination thereof in accordance with the statute governing its powers and procedure. We are not in accord with the claim that its action was in derogation of the jurisdiction of the circuit court in the litigation then pending. Such action did not affect that litigation, nor could it have done so. Rather, what the commission did was to recognize the jurisdiction of the court and

the correctness of its judgment. In so doing it made the assessment involved in the instant case, which was not at issue in the prior litigation.

In support of the claim that the jurisdiction of the State tax commission continued, appellant directs attention to *State, ex rel. Baker,* v. *Haugen,* 164 Wis 443 (160 NW 269). There a proceeding before the State tax commission of Wisconsin to review the matter of equalization of taxes in the several districts in one of the counties of the State was reviewed on certiorari. The proceeding of the commission first taken was held to have been void. Thereafter the commission undertook to proceed in compliance with the statute, giving notice of hearing, conducting the same, and making a final decision. It was urged that because of the invalid proceeding first taken the commission had lost jurisdiction. Authorities were cited by the appellants recognizing the proposition that jurisdiction lost by a court may not be restored by any action of such court. In rejecting the claim made, it was said (p 446):

"We are of opinion that none of the authorities cited apply to the case before us. In the instant case the tax commission never lost jurisdiction of the appeal. The appeal was regularly brought before the commission, and remained there notwithstanding that certain acts were done and proceedings had beyond the jurisdiction of the tax commission by members of it. In the former proceeding the tax commission never complied with section 1077*f*, Stats., therefore never got jurisdiction to further act upon the appeal, hence all proceedings were void. [*State, ex rel. Ruemmele,* v. *Haugen*] 160 Wis 494 (152 NW 176). But this did not divest the commission of jurisdiction of the appeal. The void acts left the situation as though the commission had never attempted to act upon the appeal. The tax commission was bound to proceed with the hearing

on appeal in the manner provided by statute, and until it so proceeded the appeal was pending and its duty unperformed.

"We are therefore convinced that the proceedings held void in 160 Wis 494 (152 NW 176), did not divest the tax commission of jurisdiction of the appeal."

The reasoning of the court in the language above quoted is in point in the instant case. That the State tax commission acquired jurisdiction of the matter of reviewing the assessment of defendant's personal property is not open to question. That matter was determined in 321 Mich 11. The procedure held a nullity in 325 Mich 407 did not destroy such jurisdiction or obviate the duty to proceed in accordance with the requirements imposed by statute. The action taken following the rendition of the judgment in the case instituted by Fruehauf to recover the tax paid by it under protest did not in any way interfere with the jurisdiction of the courts in disposing of that litigation. It is true that the city of Detroit was in no position to proceed in reliance on the second assessment of the State tax commission so long as the litigation was pending and the judgment remained unpaid. As before noted, however, the State tax commission was not a party to that litigation.

A discussion of incidental issues that may arise in a trial of the case on the merits is not required at this time, nor would it be proper. The controversy now before us concerns merely the jurisdiction of the State tax commission to make the assessment on the basis of which plaintiff city claims the right to recover judgment. For the reasons indicated the order of the circuit court dismissing plaintiff's declaration is reversed, and the cause is remanded

with directions to set aside such order and for such further proceedings as may be found necessary.

BUSHNELL, SHARPE, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.

BUTZEL, C. J., did not sit.