# STATE OF MICHIGAN

# COURT OF APPEALS

CHARTER TOWNSHIP OF SAGINAW,

Plaintiff-Appellant,

v

STATE TAX COMMISSION,

Defendant-Appellee.

UNPUBLISHED
May 12, 2016

No. 325252
Saginaw Circuit Court
LC No. 14-024036-AA

Before: HOEKSTRA, P.J., and O'CONNELL and MURRAY, JJ.

PER CURIAM.

In this lawsuit challenging the State Tax Commission's (STC) denial of a personal property tax exemption, the Charter Township of Saginaw ("the township") appeals as of right the order of the Saginaw Circuit Court dismissing the township's claims for lack of subject-matter jurisdiction. Because the circuit court properly dismissed the case for lack of jurisdiction, we affirm.

The present case involves the township's efforts to challenge the STC's denial of a personal property tax exemption for Morley Companies, Inc. ("Morley"), a Michigan corporation located in the township. In particular, under the General Property Tax Act (GPTA), MCL 211.1 *et seq.*, "[t]he governing body of an eligible local assessing district . . . may adopt a resolution to exempt from the collection of taxes under this act all new personal property owned or leased by an eligible business located in 1 or more eligible districts or distressed parcels designated in the resolution or an eligible Next Michigan business . . . ." MCL 211.9f(1). Once adopted, a resolution must be filed with the STC, the state treasurer, and the president of the Michigan strategic fund. MCL 211.9f(2). "Not more than 60 days after receipt of a copy of the resolution," the STC shall determine whether the new property is owned by an eligible business and whether the eligible business is located in an eligible district. MCL 211.9f(3). If the personal property meets this and other criteria set forth in MCL 211.9f(3), the state treasurer, with the written concurrence of the president of the Michigan strategic fund, shall approve the exemption resolution. MCL 211.9f(3). "A resolution is not effective unless approved" in this manner. See MCL 211.9f(2). Moreover, an exemption cannot be granted after December 31, 2012 to eligible businesses in certain districts, including those districts, such as the township in this case, which are "eligible" only because they contain a taxpayer entitled to tax credits under MCL 207.809 of the Michigan economic grown authority act. See MCL 211.9f(2); MCL 211.9f(10)(f)(*ix*); MCL 211.9f(10)(k)(*ii*).

-1-

Under these provisions, on July 9, 2012, the township adopted a resolution exempting Morley from taxes on new personal property.[1]  According to Bridget Smith, the director of planning and zoning services for the township, she mailed, or at least attempted to mail, this exemption resolution to the STC on July 17, 2012.  Approximately 18 months passed, and yet, despite questions to the township from Morley, the township made no effort to follow-up with the STC on the exemption until January of 2014 when the township finally made inquiries to the STC.  At that time, the STC informed Smith that it had not received the materials allegedly mailed by the township.

The documents were sent, or resent, on January 30, 2014, and received by the STC in February of 2014.  The STC sent Morley a formal letter denying the exemption application on June 4, 2014, explaining that Morley could not receive an exemption at that time because the township was "not an eligible local assessing district" within the meaning of MCL 211.9f.[2]  With regard to the ability to seek review of this decision, the June 4, 2014 letter stated:

> A party aggrieved by the issuance or refusal to issue this exemption may appeal the finding and order of the [STC] to the Circuit Court, within 60 days from the date of this letter as provided in Public Act 306 of 1969, as amended.

On August 4, 2014, the township filed a complaint in Saginaw County Circuit Court. The complaint involved two counts:  (1) a request that the circuit court reverse the STC's denial of the exemption under the Administrative Procedures Act, MCL 24.201 *et seq.*, and (2) a request that the circuit court issue a writ of mandamus directing the STC to approve Morley's exemption.[3]  In response, among other arguments, the STC asserted that the circuit court lacked subject matter jurisdiction.  The township then amended its complaint to add claims for injunctive relief and superintending control, asserting that the STC should be enjoined from any action to prevent the exemption and that the circuit court should exercise superintending control to order that the STC approve the resolution.

The circuit court ordered briefing on the jurisdictional issue and held oral arguments.  On the record, the circuit court determined that, under MCL 205.731, the STC's denial of a tax exemption fell within the exclusive jurisdiction of the Michigan Tax Tribunal (MTT), such that

---

[1] This was Morley's second request for an exemption through the township.  Previously, in July of 2009, the township adopted a resolution to exempt Morley from taxes on new property, and this resolution was approved pursuant to MCL 211.9f(3) in October 2009, resulting in Morley obtaining a personal property exemption under the GPTA, effective through 2014.

[2] In earlier correspondence, it was explained that Morley would have been eligible for the exemption in 2012, but that the application was not received until 2014 and, after December 31, 2012, the township could not grant him the requested exemption.  See MCL 211.9f(2).

[3] Substantively, the township argued that its resolution was filed with the STC when Smith mailed the documents in July of 2012, at which time the township was still an "eligible district" such that the prohibition on granting exemptions after December 31, 2012 should not apply in this case.

the circuit court lacked subject-matter jurisdiction to consider the issue. For this reason, on December 3, 2014, the circuit court issued an order dismissing the case for lack of subject-matter jurisdiction. The township now appeals as of right.

On appeal, the township contends that the circuit court erred by concluding that it lacked subject-matter jurisdiction and dismissing the case. The township concedes that the MTT has jurisdiction to review property tax related decisions of an agency, such as the STC, and that the township lost the right to pursue relief in the MTT by not filing suit within 35 days as required by MCL 205.735(3). However, according to the township, the fact of the MTT's jurisdiction does not prevent the circuit court's exercise of equitable jurisdiction and the present case involves "extraordinary circumstances which remove it from review by the normal appeal process" so as to justify the circuit court's exercise of its equitable powers to decide the case. In particular, the township contends that the STC's misinformation, regarding the appropriate forum and time for seeking review, merits the circuit court's consideration of the case or, at a minimum, an evidentiary hearing to determine whether equitable principles warrant the circuit court's exercise of jurisdiction.[4] We disagree.

Whether the circuit court has subject-matter jurisdiction over a claim is a question of law which this Court reviews de novo. *In re Petition of Wayne Co Treasurer for Foreclosure*, 286 Mich App 108, 110; 777 NW2d 507 (2009). Issues of statutory interpretation are also reviewed de novo. *Highland-Howell Dev Co, LLC v Twp of Marion*, 469 Mich 673, 675; 677 NW2d 810 (2004).

"Subject-matter jurisdiction concerns a court's abstract power to try a case of the kind or character of the one pending and is not dependent on the particular facts of a case." *Harris v Vernier*, 242 Mich App 306, 319; 617 NW2d 764 (2000). The circuit court's power is set forth by statute and in Michigan's constitution. *Id.* See also Const 1963, art 6, § 13; MCL 600.605. Under these provisions, a circuit court's jurisdiction is broad. *Ashley Ann Arbor, LLC v Pittsfield Charter Twp*, 299 Mich App 138, 147; 829 NW2d 299 (2012). "Circuit courts are courts of general jurisdiction, and have original jurisdiction over all civil claims and remedies except where exclusive jurisdiction is given by the constitution or by statute to some other court or where the circuit courts are denied jurisdiction by the constitution or statutes of this state." *Cherry Growers, Inc v Agric Mktg & Bargaining Bd*, 240 Mich App 153, 160; 610 NW2d 613, (2000) (internal quotation marks and citation omitted).

Relevant to the present case, under MCL 205.731(a), the MTT has "exclusive and original jurisdiction over . . . [a] proceeding for direct review of a final decision, finding, ruling, determination, or order of an agency relating to assessment, valuation, rates, special assessments,

---

[4] On appeal, the township also addresses the merits of its underlying complaint and, in particular, the sufficiency of Smith's affidavit as proof that the township complied with the filing requirements of MCL 211.9f. However, the dispositive issue in this case is jurisdictional and, like the circuit court, we will not address the merits of the township's underlying claim. See *Detroit v Fruehauf Trailer Co*, 339 Mich 256, 264; 63 NW2d 666 (1954).

allocation, or equalization, under the property tax laws of this state." Following the plain language of this provision, the MTT has exclusive jurisdiction when four elements are present:

> (1) a proceeding for direct review of a final decision, finding, ruling, determination, or order; (2) of an agency; (3) relating to an assessment, valuation, rate, special assessment, allocation, or equalization; (4) under the property tax laws. Where all such elements are present, the tribunal's jurisdiction is both original and exclusive. [*Hillsdale Co Sr Servs, Inc v Hillsdale Co*, 494 Mich 46, 53; 832 NW2d 728 (2013).]

Notably, "the tribunal's jurisdiction is determined by the subject matter of the proceeding, *not* on the type of relief requested." *Id.* at 60. Ultimately, when a matter falls within the MTT's exclusive jurisdiction, the circuit court is prohibited from exercising jurisdiction. *Wikman v City of Novi*, 413 Mich 617, 645-646; 322 NW2d 103 (1982).

The present case contains all four elements necessary to confer exclusive jurisdiction on the MTT under MCL 205.731(a), and thus the circuit court was precluded from deciding the case. In particular, this case involves a claim for direct review of the STC's denial of a personal property tax exemption under MCL 211.9f. It is undisputed that the STC ruling was a final decision of the administrative agency empowered to make this exemption determination. See MCL 205.703(a); MCL 211.9f(3). Further, personal property is subject to taxation in Michigan under the GPTA, MCL 211.1, and the claimed personal property exemption under MCL 211.9f of the GPTA thus relates to an assessment under Michigan's property tax laws. See MCL 205.731(a); *Kasberg v Ypsilanti Twp*, 287 Mich App 563, 566-568; 792 NW2d 1 (2010); *In re Petition of Wayne Co Treasurer for Foreclosure*, 286 Mich App at 111 ("The Tax Tribunal has jurisdiction . . . to determine whether a taxpayer is entitled to a property tax exemption because the determination relates to an assessment."). Although the township seeks relief that is largely equitable in nature, it is the subject-matter of the controversy, not the nature of the relief, which determines the MTT's jurisdiction. See *Hillsdale Co Sr Servs, Inc*, 494 Mich at 60. Because the four criteria for the MTT's jurisdiction are present in this case, the MTT has exclusive jurisdiction under MCL 205.731(a) and, as a matter of law, the circuit court thus lacked subject-matter jurisdiction. See *Wikman*, 413 Mich at 645-646.

In contrast to this conclusion, the township maintains that the circuit court should nonetheless be allowed to exercise its general equitable jurisdiction in this case, or to at least hold an evidentiary hearing on the equities, given the misinformation provided to the township by the STC with regard to the time and method for appealing the STC's denial of the exemption. However, as noted, "[s]ubject-matter jurisdiction concerns a court's abstract power to try a case of the kind or character of the one pending and is not dependent on the particular facts of a case." *Harris*, 242 Mich App at 319. Subject-matter jurisdiction cannot be waived by a party, and a party cannot be estopped from raising the issue. *In re Contempt of Dorsey*, 306 Mich App at 581. In other words, the STC could not have somehow overridden legislative directives and conferred subject-matter jurisdiction on the circuit court simply by providing misinformation. See *Hillsdale Co Sr Servs, Inc*, 494 Mich at 63 n 3 ("[T]he parties to an action cannot confer jurisdiction by their conduct or action[.]"); see also *Martin v Secretary of State*, 482 Mich 956; 755 NW2d 153 (2008) (MARKMAN, J., concurring) ("Although it is unfortunate that plaintiff received incorrect guidance, such guidance cannot alter the law of this state."). Instead, the

question of jurisdiction in this case is a statutory matter and, lacking in subject-matter jurisdiction in the first instance, the circuit court was without jurisdiction to grant the township's requests for relief or to conduct an evidentiary hearing. See *Universal Am-Can Ltd v Attorney Gen*, 197 Mich App 34, 37; 494 NW2d 787 (1992); *Matter of Acquisition of Land for Cent Indus Park Project*, 177 Mich App 11, 18; 441 NW2d 27 (1989).

That being said, we note that in narrow and extraordinary circumstances, misinformation from a party regarding the proper forum or time for filing might give rise to equitable concerns when there is obvious confusion about the true state of the law. See, e.g., *Ashley Ann Arbor, LLC*, 299 Mich App at 155. Such "unusual" cases may merit the "pinpoint application of equity based on the particular circumstances surrounding the plaintiff's claim; namely, the preexisting jumble of convoluted case law through which the plaintiff was forced to navigate." *Devillers v Auto Club Ins Ass'n*, 473 Mich 562, 590 n 65; 702 NW2d 539 (2005). However, these equitable concerns have led to remedies such that the equitable tolling of a statute of limitations, *Ashley Ann Arbor, LLC*, 299 Mich App at 155, and not the remedy the township seeks in this case— namely, the conference of jurisdiction on a court lacking in jurisdiction when it is plain that jurisdiction rests exclusively with another tribunal. See *Nicholson v Birmingham Bd of Review*, 191 Mich App 237, 242; 477 NW2d 492 (1991) (rejecting the plaintiff's argument that the circuit court possessed equitable jurisdiction over a request for an exemption when such a request was clearly within the exclusive province of the MTT).

Moreover, the present case does not involve a confusing jumble of laws which would justify the township's reliance on any misadvise provided by the STC or otherwise give rise to equitable concerns. As we have discussed, the MTT has exclusive jurisdiction under MCL 204.731(a). The township concedes[5] this point and offers no basis, either in caselaw or the statutory framework, to suggest that there was some outstanding confusion in the law or to demonstrate that the township lacked the means of ascertaining the correct procedures for appealing the STC's property exemption decision. Cf. *Martin v Secretary of State*, 482 Mich at 956, adopting *Martin v Secretary of State*, 280 Mich App 417, 437; 760 NW2d 726 (2008) (O'CONNELL, J., dissenting); *Ashley Ann Arbor, LLC*, 299 Mich App at 155. In such circumstances, even when a party is provided with misinformation, this cannot excuse a disregard of clear statutory requirements. See *Martin*, 482 Mich at 956. Courts simply will not "create an equitable remedy for a hardship created by an unambiguous, validly enacted, legislative decree." *Stokes v Millen Roofing Co*, 466 Mich 660, 672; 649 NW2d 371 (2002). In sum, on the facts of this case, any misinformation provided by the STC does not excuse the township's failure to pursue relief in the appropriate forum in the required timeframe and this mistake does not warrant the circuit court's exercise of equitable jurisdiction over an issue within the exclusive jurisdiction of the MTT. See *Nicholson*, 191 Mich App at 242. Because the circuit court was without subject-matter jurisdiction, it properly dismissed the township's complaint.

---

[5] Specifically, the township acknowledges on appeal that "[t]here is, admittedly, authority that review of administrative decisions regarding property tax matters is by appeal to the Tax Tribunal."

Affirmed.

/s/ Joel P. Hoekstra
/s/ Peter D. O'Connell
/s/ Christopher M. Murray